96 So.2d 669 (1957)
PAN AMERICAN WORLD AIRWAYS, Inc., a New York Corporation, Appellant,
v.
William George GREGORY, Appellee.
No. 57-3.
District Court of Appeal of Florida, Third District.
August 15, 1957.
*670 Brown, Dean, Adams & Fischer, Miami, for appellant.
Alexander S. Gordon, Miami Beach, for appellee.
PEARSON, Judge.
This is an appeal from a final judgment based upon a default entered for failure to file an answer. The complaint was for personal injuries and was tried upon the issue of damages without docketing for trial or other notice to the defendant. The judgment is vacated and the cause remanded with directions.
A brief statement of the chronology of the cause follows. The plaintiff, who is the appellee here, filed a complaint seeking the recovery of damages for personal injuries sustained while in the employ of the defendant. The defendant filed notice of filing of petition for removal to the federal court. In this latter court, defendant's answer and plaintiff's reply thereto were served and filed. The federal court, upon motion of the plaintiff, remanded the cause to the state court on April 13, 1956. Under the practice in the federal court the clerk did not transmit the answer and reply thereto to the state court. The defendant took no action to file in the state court his answer previously served. Thereafter the plaintiff proceeded to take a deposition in the state court and defendant was represented at said deposition by its counsel of record. Upon the 13th day of June counsel for the plaintiff filed a praecipe for default which contained the following certification: "I hereby certify that defendant has not filed answer or other pleading directed to the complaint heretofore filed by the plaintiff." The clerk of the court entered the default upon the praecipe and certificate on the 13th day of June 1956. Thereafter, without further proceedings the cause was tried on October 3, 1956 before a jury and damages were assessed at fifty thousand dollars.
On October 8th defendant filed its sworn motion to set aside the default judgment. This motion set forth a brief statement of the history of the proceedings, including the service and filing of an answer in the federal court. Defendant attached to the motion copy of its answer and a copy of the plaintiff's reply thereto; defendant certified *671 that the motion was not made for the purpose of delay and offered to proceed with the trial of the cause at the earliest possible trial date. The answer and reply tendered an issue as to the validity of a release previously executed by the plaintiff for a consideration.
A hearing was had upon the motion to set aside default judgment. The principal argument advanced by counsel for the defendant was counsel's belief that the defendant had complied with the requirements of the Florida Rules of Civil Procedure by serving an answer on the plaintiff and filing it in the federal court. The court denied the motion.
Two separate matters must be considered in this appeal. First, was the default properly entered? Second, was the defendant entitled to notice on the issue of damages after default?
In a consideration of the propriety of the clerk's action in entering the default we must consider the specific Florida Rules of Civil Procedure involved. They are Rule 2.9, Judgment-Default, 31 F.S.A.; Rule 1.4, Service of Pleadings and Papers and Rule 1.11, Defenses, 30 F.S.A. The salient portions of these rules are set forth with our emphasis supplied.
"Rule 2.9. Judgment-Default
"(a) When. If a party fails to serve a pleading at any time provided by these rules or fixed by the court, an adverse party may cause a default to be entered by the court or by the clerk on a day subsequent to the day on which such default occurs * * *."
"Rule 1.4. Service of Pleadings and Papers
"(a) Service; When Required. Every pleading subsequent to the initial pleadings, unless the court otherwise orders, * * * shall be served on each party affected thereby, * * *.
* * * * * *
"(d) Filing. All original papers, copies of which are required to be served upon parties, shall be filed with the court either before service or immediately thereafter."
The clerk is an officer of the court whose duties are ministerial and as such he does not exercise any discretion. State ex rel. Druissi v. Almand, Fla. 1954, 75 So.2d 905. His power to enter a default must clearly appear from the rules and the record to which they are applied. Security Finance Co. v. Gentry, 91 Fla. 1015, 109 So. 220. The rules above quoted clearly designate failure to serve a pleading as the basis for default. The record reveals, as the basis for the clerk's entry of default, a certificate of Counsel that the defendant had not filed an answer or other pleading directed to the complaint. This certificate was meaningless since the clerk can readily determine from his own records whether a pleading has been filed. The rules should not be construed to require the party moving for default to make a meaningless certificate in support of his application to the clerk for the entry of default.
It is equally true that all the rules bearing on the method of presenting pleadings to the court should be construed together. It therefore follows that the mere service of a pleading is not enough to present the pleading to the court. An additional act is necessary and an attorney has not presented his client's pleading to the court until he has complied with that portion of Rule 1.4(b), supra, providing that the pleading shall be filed with the court. Without exploring the possibility of an action by the court based upon a failure to comply with Rule 1.4(d), we find that the clerk was without authority to enter a default where an answer had been served but not filed in the court of which he was the clerk.
In Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9, 11, the Supreme Court of Florida had before it a case where a defendant attempted to file his plea by mailing it to the clerk of the Circuit Court of Jackson County when the case was actually pending in the Circuit Court of the adjoining County of Washington. A default was entered and defendant filed a motion to set aside the *672 default and final judgments indicating his mistake. The trial judge denied the motion. The Supreme Court in reversing the lower court set forth the fundamental purpose of the default procedure in Coggin v. Barfield, supra, in the following language: "The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant."
In the instant case the defendant filed its answer in the federal court. Since the default was improperly entered by the clerk, we do not think that a determination of the propriety or effect of the filing of an answer in the federal court under an attempted removal proceeding is necessary for a decision in this case. The trial court should have set aside the default judgment and should have allowed the defendant to file its answer instanter or within a short period of time set by the court.
There remains for consideration the necessity for the opportunity to be heard at the trial on the issue of damages, after default. It has long been established that after default in a tort action, the defendant has a right to put in proof and to be heard upon the question of damages. Watson v. Seat, 8 Fla. 446; Russ v. Gilbert, 19 Fla. 54; Wilhelm v. South Indian River Co., 98 Fla. 970, 124 So. 729, 731.
The practice before the present rules were adopted is set forth in the last cited case. "It is the duty of the parties litigant before the court to be present during the term, and, when a default case has been properly placed upon the trial docket, no error is committed, at the calling of same in term, in immediately referring the case to a jury to assess damage, though the defendants and their attorneys be absent from such trial and be not served with a notice of such trial." (Emphasis added.)
This practice has been modified by Rule 2.9, supra. The first sentence of subsection (b) of this rule reads as follows: "Judgments final consequence upon the entry of defaults, for want of proper pleading, may be entered on the same day that the default is entered as well as any subsequent day." It is urged that this rule abrogates the right of the defendant to be heard upon the question of damages, but we do not find this to be true. In Moore v. Boyd, Fla. 1952, 62 So.2d 427, 430, the Supreme Court of Florida restated the right of defendant to contest the issue of damages after default.
"Finally, we find that final judgment was entered without notice to defendant. If the entry of judgment on default had been consequent upon a failure to defend in any particular, that is, if defendant had not made any active defense of any nature, but passively permitted default to be entered, this might not have been error, although even in such case the defendant is entitled to be heard upon the amount of damages, even if not upon the merits of the claim. * * * But before the present rules were adopted, a default entered upon a cause of action other than for liquidated damages did not justify a final judgment until the matter was docketed for trial at the succeeding term,  at which defendant was charged with notice that the case might be called for the assessment of damages. In lieu thereof, if a plaintiff desires to try an unliquidated claim before the Court, such plaintiff must await the calling of the docket at the next term, or give the defendant notice of the assessment of damages before the Court, so that defendant may be given an opportunity to be heard upon the amount of damages. See Security Finance Co. v. Gentry, 91 Fla. 1015, 109 So. 220."
For the reasons stated above, the default and judgment should be set aside. The cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
CARROLL, CHAS., C.J., and HORTON, J., concur.