HENDRY, Judge.
M. P. Hurst, one of the defendants in the lower court has appealed from the order denying his motion to vacate the final judgment in a suit claiming compensatory and punitive damages for wrongful eviction. By order of this court, the notice of appeal has been regarded as a petition for certiorari since such remedy has been deemed appropriate.
The salient facts are as follows: On August 30, 1960, plaintiff filed his complaint against M. P. Hurst and the State Road Department for wrongful eviction. The defendant, State Road Department appeared in the action and a consent judgment was entered against it and in favor ■of the plaintiff. The defendant, State Road Department, is not a party to this appeal. Defendant, Hurst, was personally served on September 1, 1960. On September 29, 1960, a default was entered against such defendant for failure to file his answer. On November 10, 1960, plaintiff filed a special motion to have the court set the cause for trial during the fall term of the court. Pursuant to such motion, an order was entered adding the cause to the foot of the “November Term trial calendar”. No notice of such setting was sent to the defendant, Hurst. The cause came on for trial and after a jury verdict, final judgment was entered in favor of the plaintiff and against defendant, Hurst, for $1,800, as compensatory damages and $5,000, as punitive damages. Defendant moved to set aside the default and to vacate the final judgment but such motion was denied. From such denial, defendant Hurst appealed to this court and, as previously mentioned, this court has treated the notice of appeal as a petition for certiorari.
*152 Defendant Hurst contends that he has been denied his .right to be heard on the issue of damages; that he was entitled to notice of the setting of the cause for trial since the cause was set pursuant to special motion of the plaintiff; that he received no notice of the special motion or the hearing thereon; and that, as a result of the foregoing, the court erred in refusing to set aside the default and vacate the final judgment.
After careful .review, we find that the defendant’s contentions have merit and that he is entitled to be heard on the issue of damages.
We stated in White v. Spears, Fla.App.1960, 123 So.2d 689, at page 691:
“An examination of the motion and affidavits submitted by the respondent as a basis for the motion to vacate the final judgment reveals a contention by her that she did not receive notice of the trial of the cause upon the issue of damages. The damages sought by the complaint were unliquidated. After the entry of default upon a complaint claiming unliquidated damages the cause must be set either upon a trial calendar and the issue of damages tried in its regular order, or the defendant must be given reasonable notice of the trial of the issue upon a special setting. Moore v. Boyd, Fla.1952, 62 So.2d 427; Pan American World Airways, Inc. v. Gregory, Fla.App.1957, 96 So.2d 669. * * *»
In the case at bar, the default was entered upon a claim for unliquidated damages and the cause was set specially. Accordingly, the defendant was entitled to reasonable notice of the trial of the issue upon the special setting. It therefore follows that the order denying the motion to set aside the default and vacate the final judgment be quashed so that the defendant, Hurst may have an opportunity to be heard on the issue of damages only.
It is so ordered.