CARROLL, Judge.
This is an appeal by a defendant from a judgment entered on default, in a replevin action. The complaint alleged sale of merchandise under retain title contract and an unpaid balance in default. Plaintiff sought repossession, damages for wrongful detention and attorney fees. On failure of the defendant to respond to personal service, default was entered. At a subsequent hearing without notice to defendant plaintiff submitted affidavit proof of damages and the judgment appealed from was entered, which recited plaintiff had retaken the property and awarded damages.
Appellant contends (1) it was error to assess damages and enter judgment without notice to the defendant and an opportunity to be heard on damages, (2) that an incorrect measure of damages was employed, and (3) that there was no basis in law for allowance of attorney’s fees. The appellee has not favored this court with a brief.
As the damages involved were unliquidated, the defendant against whom a default had been entered for failure to' answer was entitled to notice and an opportunity to be heard on the trial of the issues: relating to damages. See Moore v. Boyd, Fla.1952, 62 So.2d 427; Pan American World Airways v. Gregory, Fla.App.1957, 96 So.2d 669. Appellant correctly contends: the measure of damages was not the price of the goods or expense of the plaintiff in connection with the sale. As to the measure of damages see 28 Fla.Jur., Replevin,. § 41. Appellant’s contention regarding allowance of plaintiff’s attorney fees is without merit. The sale contract contained sufficient provision for them. See 28 Fla.. Jur., Replevin § 42.
Accordingly the judgment appealed from-is reversed and the cause is remanded for new trial on damages upon notice to defendant.