WIGGINTON, Judge.
This interlocutory appeal seeks review of an order entered by the Circuit Court of Volusia County, in chancery, setting aside a decree pro confesso and summary final decree of foreclosure theretofore rendered in the cause, and vacating and setting aside all supplemental relief theretofore sought and obtained by the plaintiff including the certificate of sale, certificate of disbursements, and possessory rights in the real estate involved therein and now claimed by defendant appellee.
From a review of the record it appears that appellant filed in the trial court a complaint to foreclose a mortgage owned by it and encumbering property in Volusia County described as Lot 29, and the north half of Lot 30 of Thomas Fitch Grant, as recorded' in Map Book #1, Page #1, Public Records-of Volusia County, Florida. The mortgagors were named as parties defendant,, and appellee Mildred Elbers was joined as-an additional defendant on the ground that she allegedly owned or claimed some interest in the land involved in the suit. All' parties defendant were duly served with-process and upon their failure to answer or otherwise plead to the complaint, a decree pro confesso was entered against them on October 18, 1963. On December 18, 1963,. the chancellor rendered a final decree in the-cause which was in the customary form determining the amount of indebtedness owed plaintiff, ordering that such amount be paid and decreeing that in default thereof the land involved be sold by the clerk of the court on January 17, 1964. The amount found to be due plaintiff was not paid so-the land was accordingly sold and on January 24, 1964, a certificate of title was issued appellant by the clerk.
On May 4, 1964, a writ of assistance was issued by the court commanding the sheriff of Volusia County to remove appellee from the property described in the final decree and purchased by appellant at the foreclosure sale, and to place plaintiff in possession-thereof. The sheriff’s return indicates that he was unable to serve the writ for the reason that after diligent search he was unable to locate appellee in Volusia County.
On June 16, 1964, appellee filed a motion purportedly predicated under and pursuant to Rule 1.38(b), 30 F.S.A. and Rule 3.9, 1954 Rules of Civil Procedure, 31 F.S.A. By this motion appellee represents that she does-not now "nor has she ever owned the real estate against which plaintiff sought and obtained foreclosure of its mortgage, and which is described in the final decree and certificate of title filed in the cause. Ap-pellee does represent, however that she is the owner of another parcel of land in Vo-lusia County described as Lot 29, Section 1, *727 Hilltop Haven Subdivision, according to a map thereof recorded in Map Book 19, Page 78, of the Public Records of Volusia County. Appellee further represents that she permitted the mortgagors who were named as defendants in the foreclosure proceeding to occupy and reside upon the lot owned by her and described above; that these parties constructed a dwelling on her property and occupied it for a period of time before abandoning it; that appellee •conveyed this land to her son who now is in truth and in fact the owner thereof; that the persons whom appellee permitted to occupy her property purported to encumber it by the mortgage which forms the basis of this proceeding, which mortgage is not only a forgery but is null, void and of no effect because the mortgagors named therein owned no interest in the land sought to be encumbered, and the mortgage was given without either the knowledge or consent of appellee as the true owner. Appellee further represents that appellant’s counsel Agreed with her attorney that further time would be allowed her within which to answer the complaint, but that in violation of this agreement appellant’s counsel nevertheless took the decree pro confesso against her without further notice.
We pause to note that nowhere in appel-lee’s motion does she explain how foreclosure of appellant’s mortgage on the lands described therein and in which she claims no interest adversely affects the differently ■ described lands allegedly owned by her. In addition to the fact that the alleged agreement between counsel for the parties for an extension of time within which appel-lee might plead to the complaint was unenforceable because not reduced to writing .as required by the rules of procedure,[1] the motion fails to specify the date on which •such agreement was reached with relation to the date appellee was served with process -on May 24, 1963, and the date of October 18, 1963, on which the decree pro confesso was entered. The purport of appellee’s motion is that because of the foregoing she should now be permitted to answer the complaint, assert her defenses to the issues raised by the complaint, be given an opportunity to prove that appellant’s mortgage is void and that foreclosure thereof should be denied. It is on the basis of this motion that on June 21, 1965, some eighteen months after rendition of the final decree, the chancellor entered his order setting aside the decree pro confesso, the final decree and all supplementary relief thereafter obtained by appellant in the cause. The order is silent as to the reasons or grounds upon which the chancellor relied to support the action taken.
We first turn our attention to that part of the order appealed which sets aside the decree pro confesso entered against appellee on October 18, 1963. Appellee’s motion states that it is brought and filed pursuant to Rule 3.9, 1954 Rules of Civil Procedure. Obviously the cited section of the rules is inapplicable since Rule 3.10 is the provision relating to the setting aside of defaults. This rule requires that a motion to set aside a decree pro confesso be made and served within ten days after the entry of the final decree. Since the motion in the case sub judice was not made and sqrved until some seven months after rendition of the final decree, the referred to rule of procedure can be of no support to the propriety of appel-lee’s motion.
From the history of the case stated above it appears that the final decree in this case was rendered on December 18, 1963, and no petition for rehearing thereto was filed by appellee. It is the established law of this state that a trial court loses jurisdiction of a case at the expiration of the time for filing a petition for rehearing or motion for new trial unless such petition or motion is filed.[2]
*728 In Cortina v. Cortina[3] our Supreme Court adhered to the proposition that final decrees cannot be changed, added to, nor taken from, except as to the correction, nunc pro tunc, of mere clerical errors or mis-prisions, without resorting to the recognized process of equity, based upon appropriate grounds.
Appellee’s motion to set aside the final decree recites that it is brought pursuant to the provisions of Rule 1.38(b), 1954 Rules of Civil Procedure. This rule provides that on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding on the ground of mistake, inadvertence, surprise, or excusable neglect. We find no allegations in the motion filed by appellee which will justify the setting aside of the final decree in this case on any of the grounds permitted by the above-quoted rule. Each of the reasons asserted by appellee as to why she is entitled to the relief prayed is based upon facts which might have been asserted as a defense to the action on its merits, but which were not so asserted during the time when appellee was privileged to plead to the complaint filed against her. Furthermore, the grounds now relied on by appellee in support of her motion were not asserted in a timely motion to set aside the decree pro confesso or petition for rehearing filed consequent upon the rendition of the final decree. A somewhat similar situation was present in the case of State ex rel. Huntley Bros., Inc. v. Gooding[4] recently decided by this court. In directing that an order vacating and setting aside a summary final decree be quashed, and the summary decree reinstated, this court said:
“ * * * The proper method for review of final decrees is by the timely filing of a petition for rehearing and in the event of an adverse ruling, the institution of an appeal. Failing to follow that procedure, the aggrieved party cannot confer jurisdiction upon a chancellor in the manner utilized in the instant cause. Here, any omission or mistake made in failing to furnish proofs was an omission or mistake on the part of plaintiff — not the chancellor. This is not the type of omission or mistake contemplated by Rule 1.38, Florida Rules of Civil Procedure.”
Based upon the foregoing authorities we conclude and hold that the chancellor lost jurisdiction of this cause following rendition of his final decree on December 18, 1963, since no petition for rehearing to that decree was timely filed by appellee, nor was an appeal from that decree taken. We further hold that the grounds asserted by appellee in her motion to set aside the decree pro confesso and final decree are not sufficient either to reactivate the trial court’s jurisdiction in this cause under Rule 1.38(b), 1954 Rules of Civil Procedure, or to warrant the relief granted by the order appealed. The order is accordingly reversed and this cause remanded with directions that an appropriate order be entered denying the relief prayed by appellee’s motion, and dismissing this proceeding.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Rule 1.5(d), 1954 Rules of Civil Procedure.

. Batteiger v. Batteiger (Fla.App.1959), 109 So.2d 602; Jappe v. Heller (Fla.1953), 65 So.2d 302; McDaniels v. McDaniels (Fla.App.1965), 180 So.2d 467.

. Cortina v. Cortina (Fla.1957), 98 So.2d 334.

. State ex rel. Huntley Bros., Inc. v. Gooding (Fla.App.1963), 149 So.2d 55, 57. See also Lehman, Gov-Co. of Jacksonville v. Spencer Ladd’s Inc. (Fla.1965), 182 So.2d 402, opinion filed November 3, 1965.