PER CURIAM.
Appellant seeks reversal of an order setting aside a final judgment in a law action.
On October 26, 1964, the appellant Carroll’s Inc., filed an action in the civil court of record in Dade County against the ap-pellee Anne Marie DeBarros for $2,816.43 for goods sold. On December 9, 1964, a default was entered by the clerk against the defendant for failure to respond. The following day plaintiff filed an affidavit of proof, and final judgment, which with interest and costs aggregated $2,971.33, was entered by the court. Twenty-one days after judgment the defendant moved to dismiss the complaint for failure to state a cause of action, and some months later, on March 24, 1965, the defendant filed a motion to vacate the default judgment. The grounds of the motion to vacate were (1) that the judgment was erroneous, (2) that it was predicated on “false affidavits” and (3) that defendant received no notice of the judgment except through subsequent proceedings in aid of execution. An affidavit filed by the defendant in support of the motion to vacate recited that defendant had been a customer of plaintiff for some years; denied defendant was indebted to plaintiff “in the sum of $2,816.43” in that certain items involved in the sale (valued between $600 and $700) had not been delivered. As stated above, the trial court vacated the final judgment and allowed the defendant a period of time within which to answer. The order vacating the judgment did not set aside the default which had been entered against the defendant earlier for failure to plead.
Upon considering the record and the brief of appellant (no brief having been filed on behalf of the appellee) we affirm the order appealed from' in vacating the final judgment, no gross abuse of discretion of the trial court having been shown. See North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849. We hold, however, that the trial judge was in error in allowing the defendant to plead to the merits. The defendant’s motion to vacate showed no excuse for her delay and failure to plead to the complaint within the time allowed by law. With the final judgment vacated, and the default for failure to plead allowed to stand, the defendant would be entitled to notice of application for final judgment and to an opportunity to be present and be heard on the matter of the amount of damages. See Moore v. Boyd, Fla.1952, 62 So. 2d 427, 430, and Pan American World Airways v. Gregory, Fla.App.1957, 96 So. 2d 669, 672. Defendant’s affidavit in support of her motion to vacate did not deny or seek to avoid the sale transaction, but indicated intention to contend plaintiff was not entitled to the full amount of damages claimed.
For the reasons stated the order appealed from is affirmed in part and reversed in part and the cause is remanded for trial as to amount of damages recoverable.
Affirmed in part, reversed in part and remanded.