229 So.2d 903 (1969)
WINKY'S, INC., Appellant,
v.
Ivy M. FRANCIS, Appellee.
No. 69-451.
District Court of Appeal of Florida. Third District.
December 30, 1969.
Rehearing Denied January 26, 1970.
*904 Rose & Marlow and George C. Vogelsang, Miami, for appellant.
Markus, Winter & Spitale, Pozen, Gold & Gold, Miami, for appellee.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PEARSON, Chief Judge.
This is an appeal by the defendant below from a final judgment and order denying its motion to set aside a default and final judgment. The trial judge made the following findings of fact:
"THIS CAUSE having come on to be heard before me this day on the Defendant's Motion to Set Aside Default Judgment and Final Judgment and the Court having heard testimony of the witness, MAX KRIEGER, as resident agent of Winky's Inc., and CHARLES W. McCONNELL, deputy sheriff, and its appearing to the Court after having heard said testimony that Winky's Inc. was, in fact, properly served the Summons and Complaint in this cause by and through the sheriff of Dade County, Florida; and the Court relying on Rule 1.500 for the time of setting of trial, and the Court finding that the Defendant by its own negligence failed to defend the suit filed herein and that there was no excusable neglect; and the Court having heard argument of Counsel for Plaintiff and the Defendant; and the Court being otherwise fully advised in the premises, it is:
"ORDERED AND ADJUDGED
1. That the Defendant's Motion to Set Aside Default Judgment and Final Judgment be and the same is hereby denied * * *."
The appellant presents two points on appeal. I. Did the court err in failing to set aside a default judgment when the defendant's resident agent testified he was not served with the complaint? II. Did the *905 court err in conducting and setting a trial only three days after a notice of trial was filed?
The appellee filed suit against the appellant on January 21, 1969, alleging that she was injured when she slipped and fell on the floor of appellant's supermarket and that the negligence of the appellant was the proximate cause of her injuries. The summons was issued on January 21, 1969, and filed for record January 29, 1969. The sheriff's return shows that service of process was made on January 24, 1969, by delivering a copy of the summons and complaint to "Mr. M. Kerieger Res. Agt., IN THE ABSENCE OF: Pres., v. Pres., Cashier, Treas., Secy., Gen. Mgr., Dir., and all other heads * * *."
On March 3, 1969, the appellee filed a motion for default, and default was entered by the clerk on March 4, 1969. Appellee filed a notice of trial on March 24, 1969, setting trial for March 27, 1969. The notice of trial recites that a copy of the notice was furnished to the appellant on March 19, 1969. On April 2, 1969, a final judgment awarding the appellee $2,000.00 and $187.15 costs was filed.
The appellant filed its motion to set aside the default and the final judgment on May 7, 1969. In support of the motion appellant filed an affidavit of Max Krieger, its vice-president and resident agent, in which Krieger categorically stated that he was never served with process and that as an experienced businessman he would have notified his insurance company if he had been served.[1]
The trial judge held an evidentiary hearing at which the only witnesses were Krieger and McConnell, the deputy sheriff who made the return of service. Krieger denied that he had been served and denied any knowledge of the lawsuit until receipt of the notice of trial. McConnell testified that although Krieger looked familiar he had no independent recollection of serving Krieger.
His testimony that he had served Krieger was based on the return and the service sheet. The trial judge was presented with an issue of fact. He found that "* * * By virtue of the fact that the Deputy Sheriff says he went to the place of business, was told who Mr. Krieger was and served that individual, on the face of it, proper service was had."
Two arguments are presented under Point I. Appellant contends first *906 that it was not served because its resident agent was not served and therefore the trial court had no jurisdiction over the appellant. We agree that whether the trial court obtained jurisdiction over the appellant depends on whether Krieger was served. Whether Krieger was served is a question of fact. Our decision concerning the trial court's resolution of that question of fact must be governed by the rules concerning the validity of a return of service. A party attacking the validity of a return has the burden of substantiating the claim that the return is false, and the trial court must weigh and resolve any conflicts in the evidence on this point. McIntosh v. Wibbeler, Fla. 1958, 106 So.2d 195. Although the majority of the court in the cited case decided that the return should not be sustained because it was false, the law set forth is clear. Krieger's uncorroborated testimony that he did not receive process was not sufficient to meet the burden set forth in the McIntosh case. That testimony was not clear and convincing evidence sufficient to impeach the sheriff's return. See Clements Naval Stores Co. v. J.S. Betts Co., 85 Fla. 49, 95 So. 126 (1923).
The appellant urges next that if Krieger was served, we should decide this appeal in accordance with the precedent of cases holding that a trial judge has a great discretion in setting aside defaults in order to achieve a trial upon the merits. See, e.g., North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849; Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App. 1964, 160 So.2d 733. However, before a trial judge may vacate a default, a corporate defendant must allege and prove excusable neglect of an officer or agent. Winter Park Arms, Inc. v. Akerman, Fla.App. 1967, 199 So.2d 107, 109. Here the appellant made neither allegations nor proof of excusable neglect. Krieger's affidavit and testimony at the hearing on appellant's motion to set aside default were directed towards the issue of jurisdiction (validity of the return of service)  not the issue of excusable neglect. Since there was no allegation or proof of excusable neglect there was no abuse of discretion in the trial judge's denial of appellant's motion to set aside the default. We conclude that the appellant has not demonstrated error under its first point.
Appellant's second point urges only that the court was required to set a trial date not less than 30 days after the entry of default. It relies upon Rule 1.440(c), Florida Rules of Civil Procedure, 30 F.S.A.[2] This point overlooks Rule 1.500 (e), Florida Rules of Civil Procedure, 31 F.S.A.[3] Neither Rule 1.500(e) nor its predecessors deprives a defaulting defendant of the right to be accorded an opportunity to be heard on the issue of damages where the damages are unliquidated. This court has repeatedly reversed judgments *907 entered pursuant to defaults if the defaulting defendant is not notified that the issue of unliquidated damages is to be tried. See Pan American World Airways, Inc. v. Gregory, Fla.App. 1957, 96 So.2d 669; Hurst v. Federal Screen Supply Co., Fla. App. 1962, 142 So.2d 151; Harbour Tower Develop. Corp. v. Seaboard Equip. Co., Fla. App. 1965, 179 So.2d 405; Carroll's, Inc. v. De Barros, Fla.App. 1966, 182 So.2d 49; Lawn v. Wasserman, Fla.App. 1969, 226 So.2d 261. In Lawn v. Wasserman we quoted portions of Rule 1.440(c). Those portions are another way of stating the rule concerning the necessity of notifying a defaulting defendant of trial on the issue of unliquidated damages; they should not be construed as a holding that the 30 day provision of Rule 1.440(c) is applicable to defaults. It is our opinion that this provision is not applicable to defaults. Although Rule 1.500(e) provides that "[f]inal judgments after default may be entered by the Court at any time," it is our opinion that the word "reasonable" implicitly precedes "time", else the right we outlined in the immediately preceding cases would be an empty right.
In the present case the record shows that the appellant on March 19, 1969, received notice that trial would be held on March 27, 1969. We think the appellant received notice of trial a reasonable time before it was to be held and therefore was accorded an opportunity to be heard on the issue of the unliquidated damages sought by the appellee. We conclude that the appellant has not demonstrated error under its second point.
The judgment is affirmed.
HENDRY, Judge (dissenting).
I respectfully dissent. This is an appeal by the defendant below from a final judgment and order denying its motion to set aside a default and final judgment.
The germane facts are set forth in the majority opinion. As can readily be seen, the only issue before the trial judge at the hearing on the appellant's motions to set aside the default and final judgment, was whether or not Deputy Sheriff McConnell had actually served process on the appellant. According to the appellant's officer in charge, Max Krieger, no process was served either upon him personally or upon any of the staff at his office. McConnell's position was that although he had no specific recollection of serving Mr. Krieger, his service sheet indicated that service had been effected.[1]
In the case cited by the majority, McIntosh v. Wibbeler, Fla. 1958, 106 So.2d 195, the question reviewed before the Supreme Court was whether the trial court had erred when it sustained service of process on facts which showed that the deputy sheriff had no actual recollection of making said service except for his notes, while the party allegedly served unequivocably denied any personal receipt of the original complaint and attached summons. The trial court upheld the service of process, *908 thereby giving greatest effect to the written notes of the deputy. The Supreme Court reversed, basing its decision on the particular facts of the case; however, significant is the court's statement, appearing at page 197 of the opinion, wherein it is stated:
"This conclusion [that the trial judge should have resolved the conflicting evidence by holding that valid service of process had not been effected] does not, of course, appear to us to be a dubious one, but even if it was a close question and there was a possibility of error (as there often is), we would prefer to err on the side of justice  and justice in this case would be to set aside this very substantial judgment and allow a jury to pass on the matter in an adversary proceeding."
The above point was passed upon in the earlier case of Coggin Barfield, 1942, 150 Fla. 551, 8 So.2d 9, when the court opined:
"It is the rule that the opening of judgments is a matter of judicial discretion and `in a case of reasonable doubt, where there has been no trial upon the merits, this discretion is usually exercised in favor of granting the application so as to permit the determination of the controversy upon the merits.'"
In North Shore Hospital Inc. v. Barber, Fla. 1962, 143 So.2d 849, the court quoted with approval the language used in Waterson v. Seat & Crawford, 10 Fla. 326, "* * * it is the tendency of the court's present age to stand less upon strict rules of practice than formerly, and to keep the door a long time open to a defendant who seems to be honestly striving to get in what he believes to be a good defense." Id. 143 So.2d at 853. See also Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App. 1964, 160 So.2d 733, 735.
The majority opinion has also cited the case of Clements Naval Stores Company v. J.S. Betts Company, 85 Fla. 49, 95 So. 126 (1923). That case states the clear principle of law that "[T]o impeach the return of a sheriff, made under the sanction of official oath and responsibility, clear and convincing evidence is required." In my opinion, the record in this case, which shows Max Krieger's sworn testimony that he not only failed to be served with process, but also strenuously solicited his staff at his offices and ultimately determined that they had not received such process, and also in view of Krieger's familiarity with the machinery of legal proceedings (such familiarity being inconsistent with his failure to respond after being served with process) has convinced me that the trial court erred in denying the motions to set aside the default and final judgment.
NOTES
[1] "1. [I] am vice-president, resident agent and general manager of the Defendant corporation.

"2. As appears on the return of service in this cause, and I do aver that there is no M. Kerieger who is a resident agent of the Defendant corporation, but I, Max Krieger am the resident agent, and I do further aver that I was never served with the summons and complaint in this cause.
"3. Having been in business for a number of years and as I pay more than $12,000.00 yearly for insurance protection, I am very well acquainted with claims and litigation matters and I immediately forward reports on all accidents and forward all claim letters from attorneys to my insurance company for handling. I would have done so here had I been served with the summons and complaint, but I was not served.
"4. I first learned of the pendency of this suit when I received a notice of trial dated March 16 (sic), 1969, I immediately forwarded the notice to my insurance agent, Cravitt-Kahn Insurance Agency, Inc., asking them to take care of it for me as the liability insurance for my business has been placed with the Citizens Insurance Company of New York. Not hearing back from the agent, I assumed they were taking care of it in the routine of business as they normally do.
"5. Within the past few days, I have learned for the first time that a default judgment has been entered in this cause and that a trial was conducted on March 16 (sic), 1969, and that a final judgment has been entered. Upon calling my agent, I was advised that the Citizens Insurance Company of New York had told the agent that since there was late notice of receiving the suit papers, they decided not to defend me. Unfortunately, neither my agent nor the insurance company saw fit to tell me this."
[2] * * *

"(c) Setting for Trial. If the Court finds the action ready to be set for trial it shall enter its order fixing a date for pretrial conference, or for trial, or for each. Pretrial conference shall be set not less than twenty days and trial not less than thirty days from the service of the notice specified in subdivision (b) hereof. By giving the same notice, the Court may set an action for pretrial conference, or for trial, on its own motion."
[3] * * *

"(e) Final Judgment. Final judgments after default may be entered by the court at any time but no judgment may be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator or other representative who has appeared in it or unless the court has made an order under Rule 1.210(b) providing that no representative is necessary for the infant or incompetent. If it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter to enable the court to enter judgment or to effectuate it, the court may receive affidavits, make references or conduct hearings as it deems necessary and shall accord a right of trial by jury to the parties when required by the Constitution or any statute.
[1] "Q Do you have any records here today from that service, sir?

"A The only thing I have is this here, my service sheet.
"Q May I see what it says?
"A I can see where the spelling was off, but that would be all.
"Q Seek Winky's, Inc?
"A No. That's my abbreviation for service, S-v-c.
"Q It says, `Serve Winky's by serving Mr. Kerieger, K-e-r-i-e-g-e-r, as resident agent'?
"A Right.
"Q And that you have here, `January 24, 1969, 11:50 A.M. Deputy McConnell.'
"Now other than this slip of paper, do you have any recollection of this event, sir? Do you remember going there?
"A No, I can't say I do.
"Q The only thing that even jogs your memory about this is that you have this slip of paper with you?
"A Yes, sir.
"Q You can't testify under oath that you served this gentleman, Max Krieger, there that day, can you, sir?
"A No. All I can go on is my return. Like I say, the man does look familiar."