238 So.2d 477 (1970)
OSCEOLA FARMS CO., Appellant,
v.
Gilberto SANCHEZ and Gustavo Catala, Appellees.
No. 69-402.
District Court of Appeal of Florida, Fourth District.
June 29, 1970.
Rehearing Denied September 9, 1970.
Joe N. Unger, Miami Beach, and Pomeroy, Seppi & Betts, West Palm Beach, for appellant.
Richard M. Gale and Gillotte & Fowler, Miami, for appellee Sanchez.
CROSS, Chief Judge.
Appellant-defendant, Osceola Farms Co., a Florida corporation, appeals an order entered in favor of the appellee-plaintiff, Gilberto Sanchez, denying a motion to set aside a default and final judgment in an action for damages arising out of a tractor-automobile collision.
The plaintiff, Gilberto Sanchez, on July 29, 1966, instituted suit against the defendant, Osceola Farms Co., by filing a complaint which asserted negligence of the defendant by its agent, the defendant Gustavo Catala, in the operation of a tractor in a careless and reckless manner causing injuries to the plaintiff. The defendant, Gustavo Catala, was never served with summons and complaint. Service was perfected upon the defendant, Osceola Farms Co., on August 1, 1966, by serving the resident agent.
*478 The complaint and summons served upon the defendant, Osceola Farms Co., was forwarded to its insurance carrier. An adjuster for the carrier asserted by way of affidavit that prior to August 10, 1966, he had agreed by telephone conversation with the attorney for the plaintiff that it would not be necessary to file responsive pleading until notified by plaintiff's attorney in writing. He further asserted that the agreement was confirmed by letter. Receipt of the letter from defendant's insurance carrier and the telephone conversation agreeing to delay the filing of responsive pleadings were denied by plaintiff's attorney.
On August 16, 1967, more than a year after the defendant was served with summons and complaint, the plaintiff filed praecipe for default judgment against the defendant, Osceola Farms Co., and default was duly entered against this defendant.
On December 5, 1967, plaintiff requested a trial date on the issue of damages, resulting in an order setting the cause for trial on December 28, 1967. By subsequent order of the trial judge, the trial date was changed from December 28, 1967 to March 13, 1968. No notice as to either of the trial dates as to the issue of damages was ever served on the defendant, Osceola Farms Co., its attorney, or any of its agents.
On March 19, 1968, after trial on the issue of unliquidated damages (sans defendant), the trial court entered a final judgment in favor of the plaintiff in the sum of $9,500. Approximately a year after the entry of the final judgment, the plaintiff sought execution thereon. The defendant filed motion to stay execution and motion to set aside default and final judgment.
The motion to set aside the default judgment asserted facts as to service of process as well as the agreement between defendant's agent and plaintiff's attorney concerning the asserted granting of delay in filing responsive pleadings to the complaint. The remaining allegations in the motion, in essence, assert that Osceola Farms Co., neither through its agent, insurer nor attorney, received notice to further plead as per the agreement with plaintiff's counsel, nor did it receive either motion or notice setting the cause for trial; that the defendant has a meritorious defense and is not guilty of any negligence; that it had been deprived of its day in court and right to jury trial; that it is entitled to be heard on the amount of unliquidated damages; that it demands trial by jury; that it wishes to question the failure of the complaint to state a cause of action; that it was not apprised of the default and final judgment by counsel for plaintiff until April 1969; that there was a question to be determined at the outset of the litigation as to whether plaintiff was entitled to workman's compensation, and that under such circumstances it was not unusual for a claimant to file one cause of action and leave it in abeyance until the compensation claim was determined; that the counsel for plaintiff knows or should have known that defendant was entitled to be heard on the question of unliquidated damages; and that the court entered a final judgment based upon a written medical report which required the court to speculate as to whether there would or would not be permanent disability.
In opposition to defendant's motion to set aside default and final judgment plaintiff's attorney filed affidavit stating that he never received the letter from the employee of the insurer and that he had never had a conversation over the telephone in which he agreed that it was not necessary for the defendant to file responsive pleadings.
Thereafter on June 3, 1969, the court entered an order denying defendant's motion to set aside the default and final judgment. Part of that order is as follows:
"Defendants' Motion to Set Aside Default and Final Judgment was not filed until April 15, 1969, nearly 13 months after *479 the entry of the Final Judgment. Former rule 1.540, and the present 1.540(b) R.C.P. provides for relief from judgments under circumstances, but further provides that relief for the only reasons which could be involved in the instant case must be sought within one year. This was not done, and it is the opinion of the Court that this case is governed by the holding of Mid-State Homes, Inc. v. Ritchie, [Fla.App.] 181 So.2d 725. In any event, no relief can be considered here when the motion, therefore, was filed more than one year after the entry of the final judgment. * * *"
The defendant petitioned for rehearing, asserting in essence that the final judgment entered by the court was void; that the court erred in accepting a medical report with vague terminology as a basis upon which to predicate the extent of personal injury damage; that defendant had neither notice nor opportunity afforded to it under the laws of Florida to defend itself on the question of unliquidated damages; and that the court was without statutory authority to enter a final judgment. Prior to disposition of the petition for rehearing, this appeal was taken from the order denying defendant's motion to set aside the default and final judgment.
Rule 1.540(b) R.C.P., 31 F.S.A., allows relief from final judgment, order or decree for the reasons vividly illustrated in the rule. The rule requires that if the reasons set forth in the motion are (1) mistake, inadvertence, surprise or an excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; or (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party, the motion be made within a reasonable time and not more than one year after the judgment, decree, order or proceeding was entered or taken. However, if the reason for the motion seeking relief from judgment is that the judgment or decree is void, the defendant is not required to attack it upon such ground within one year. Craven v. J.M. Fields, Inc., Fla.App. 1969, 226 So.2d 407; 49 C.J.S., Judgments § 288 at 523; 30A Am.Jur., Judgments § 693 at 659; 154 A.L.R. 818, and Florida cases cited thereunder.
Since final judgment was entered against the defendant, Osceola Farms Co., on March 19, 1968, and their motion to set aside default and final judgment was filed on April 15, 1969, more than one year after the judgment was entered, the first determination for this court is whether the judgment herein is void making it amenable to a motion to vacate made more than one year after the judgment was entered. An examination of the motion by the defendant to set aside default and final judgment reveals the reason for the motion to be that the defendant did not receive notice of trial of the cause upon the issue of damages. The damages sought by the complaint were unliquidated. The courts of this state have repeatedly reversed judgments entered pursuant to default on failure to give notice to a defaulting defendant as to trial date on the issue of unliquidated damages. Winky's, Inc. v. Francis, Fla.App. 1969, 229 So.2d 903; Lawn v. Wasserman, Fla.App. 1969, 226 So.2d 261; Carroll's, Inc. v. DeBarros, Fla.App. 1966, 182 So.2d 49; Harbour Tower Development Corp. v. Seaboard Equipment Co., Fla.App. 1965, 179 So.2d 405; Hurst v. Federal Screen Supply Co., Fla.App. 1962, 142 So.2d 151; Pan American World Airways v. Gregory, Fla. App. 1957, 96 So.2d 669.
The record reveals that no notice was given the defendant, Osceola Farms Co., its agent or attorney as to the date of trial on damages. The plaintiff stipulated to this fact in the record, and the trial judge so stated in the order:
"The case proceeded ex parte on the default and no further notices of any *480 proceedings herein were sent to Defendant, either by Plaintiff, or by the Court. Trial was held on March 13, 1968, at which time Plaintiff submitted evidence in proof of his damages. Final Judgment was entered against the Defendant on March 19, 1968."
The final judgment entered upon default in this case awarding unliquidated damages without affording the defaulting party notice and opportunity to be heard is a void judgment. Under the specific provisions of rule 1.540(b) R.C.P., a motion to set aside a final judgment bottomed upon the reason that the judgment is void is not subject to the one-year limitation but must be brought within a reasonable time. We glean from the record that defendant's motion to set aside default and final judgment was filed when knowledge first came to the defendant that the plaintiff was seeking satisfaction of the final judgment. Such, in our opinion, is within the reasonable time requirement of the rule. The motion as it relates to setting aside the final judgment should have been granted.
Turning now to whether the default judgment should be set aside, the defendant does not complain that it was never served with summons or complaint or that the service was improper. The defendant complains that an adjuster for the carrier, Consolidated Mutual Insurance Company, had agreed by telephone with the attorney for the plaintiff that it would not be necessary to file responsive pleadings until notified by plaintiff's attorney in writing. The defendant asserts that this agreement was confirmed by letter.
Rule 1.030(d) R.C.P., 30 F.S.A. states that no private agreement or consent between parties or their attorneys shall be of any force unless the evidence thereof is in writing subscribed by the party or his attorney against whom it is alleged. The record reveals merely the following letter:
 "August 10, 1966
 "Thomas F. Gillotte, Esq.
 410 International Bank Bldg.
 627 S.W. 27th Avenue
 Miami, Florida
 "Re: Gilberto Sanchez v. Osceola Farms Co. et al
 Our File: 05-54852 APD Circuit Court-
 Dade County Case No. 66C 871-D
"Dear Mr. Gillotte:
"This will confirm our recent telephone conversation wherein it has been agreed that it will not be necessary for our attorneys to file responsive pleadings on the above captioned matter, until notified by yourself in writing.
"Thank you for your kind cooperation in this matter.
 "Very truly yours,
 "CONSOLIDATED MUTUAL INSURANCE COMPANY
 "George Cintron"
It is obvious that the above alluded to letter is not in compliance with rule 1.030 (d) R.C.P. The trial court was eminently correct in denying the motion to vacate and set aside the default judgment.
Accordingly, that part of the order denying defendant's motion to set aside default is affirmed; that part of the order denying defendant's motion to set aside final judgment is reversed, and the cause is remanded *481 for a new trial on the issue of damages only, consistent with the views herein expressed.
Affirmed, in part; reversed, in part and remanded.
OWEN, J., concurs.
REED, J., concurs in part; dissents in part, with opinion.
REED, Judge (concurring in part; dissenting in part).
I agree with the majority that the default was properly entered. I disagree with its decision to reverse the final judgment. The majority holds that the final judgment was void because the defendant was not given notice of the trial of the damage issue.
By an order filed 29 December 1967 the trial date was set for 13 March 1968. It seems to me that the basic issue is whether or not this order had to be served on the defendant.
Normally, every order or judgment not entered in open court must be served on each party. The 1954 Florida Rules of Civil Procedure, as amended, make an exception. Rule 1.080(a) provides:
"* * * No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them shall be served in the manner provided for service of summons."
In the present case, no pleadings asserting new or additional claims were filed by the plaintiff after the default. The cause came on for trial in the usual manner and the judgment entered by the trial court was consistent with the evidence, the allegations of the complaint, and the demand therein for relief. Under these circumstances and given the proper entry of a default, the initial process was the only notice to which the defendant was entitled. On the basis of the above cited rule of civil procedure, I would affirm the final judgment.
I respectfully disagree with the decisions cited in the opinion of the majority from the Florida Third District Court of Appeal which indicates that service of a notice of trial is required even after a default. In my opinion, these decisions are inconsistent with the 1954 Rules of Civil Procedure which district courts of appeal have no jurisdiction to amend. This is reserved to the Florida Supreme Court under Article V. of the Florida Constitution, F.S.A.