OWEN, Judge.
This appeal is from an order denying a motion to vacate and set aside default judgment and final judgment against appellants in a suit for an accounting.
Appellants were personally served with process, but for reasons not relevant to this appeal none of the defendants filed any pleadings, as a consequence of which a default judgment was entered against all defendants some five or six months after service of process. Thereafter, without notice to any of the defendants and without any of the defendants being present or represented by counsel, a final hearing was held. At such hearing the court not only determined the plaintiff’s right to an accounting from the defendants, but apparently also then and there, on the basis of the evidence submitted by plaintiff, determined the amount to which plaintiff was entitled and entered judgment against the defendants accordingly.
Some thirteen months after entry of the final judgment, appellants moved to set aside and vacate the default and final judgments entered against them on the grounds that they had not received notice of trial on the issue of plaintiff’s damages, if any. A sworn affidavit in support of the motion avers that the motion was filed within a few weeks after defendants learned of the final judgment against them and no issue is made that the motion was not filed within a reasonable time.
At oral argument appellants conceded that the court’s denial of their motion to vacate and set aside the default judgment was discretionary and that they could not demonstrate an abuse of discretion. Appellants contend, however, that the final judgment was void because it was entered after a trial held without notice to the defendants and of necessity involved a determination of unliquidated damages. We agree that the nature of an accounting is such that it must be considered analagous to 'a determination of unliquidated damages since the very nature of an accounting suggests the absence of a stipulated or agreed amount owing from one party to the other. The courts of this state have repeatedly reversed judgments entered pursuant to default on failure to give notice to a defaulting defendant as to trial date on the issue of unliquidated damages. Osceo *550 la Farms Company v. Sanchez, Fla.App. 1970, 238 So.2d 477. Winky’s, Inc. v. Francis, Fla.App. 1969, 229 So.2d 903; Lawn v. Wasserma'n, Fla.App.1969, 226 So.2d 261; Carroll's, Inc. v. DeBarros, Fla.App.1966, 182 So.2d 49; Harbour Tower Development Corp. v. Seaboard Equipment Co., Fla.App.1965, 179 So.2d 405; Hurst v. Federal Screen Supply Co., Fla.App.1962, 142 So.2d 151; Pan American World Airways v. Gregory, Fla.App. 1957, 96 So.2d 669.
That part of the order denying the defendants’ motion to set aside default is affirmed; that part of the order denying defendants’ motion to set aside final judgment is reversed, and the cause is remanded for an accounting upon due notice to the parties.
This decision (just as does our decision in Osceola Farms Co. v. Sanchez, supra) follows a well-established line of cases, yet appears to be inconsistent with Rule 1.-080(a) RCP, 30 F.S.A. which provides that no service need be made on parties against whom a default has been entered. Thus, it may appear that we have engrafted an amendment onto the rule, a prerogative constitutionally reserved to the Florida Supreme Court. We therefore declare our intention, upon receipt of proper application, to certify this decision as passing upon a question of great public interest so as to afford the Supreme Court the opportunity to consider whether this decision is inconsistent with Rule 1.080(a) RCP, and to accord it such treatment as it may find desirable.
Affirmed, in part; reversed, in part and remanded.
WALDEN, J., concurs.
REED, J., concurs in part; dissents in part, with opinion.