QUESTIONS: 1. Is the clerk required to record a deed dedicating a road right-of-way to the county even though it has not been formally accepted by the board of county commissioners? 2. Is the mere offer to dedicate and its subsequent recordation by the clerk's office sufficient to transfer the title to the property described therein so that the property appraiser is required to remove the described property from the tax rolls and also allowing tax moneys to be expended upon the described property? 3. Does the board of county commissioners have the authority, by resolution and/or home rule ordinance, to direct the clerk to make a notation upon the instrument prior to recordation that the described property has not been accepted by the board of county commissioners and therefore does not constitute a public road? 4. Does the board of county commissioners have the authority to go back through the prior recorded documents which have previously been filed in the official records, obtain certified copies therefrom, note on the certified copies that these particular purported dedications have never been accepted by the board of county commissioners and do not therefore constitute public roads, and rerecord the certified copies?
SUMMARY: The clerk of the circuit court is required to record any deed properly executed upon proper payment of the clerk's service charge if such deed is otherwise entitled to recordation under s.28.222, F.S. A county may expend moneys upon dedicated roads only if such dedication has been accepted and is open to or available for public use as a county road. Pursuant to ss. 192.011 and193.085, F.S., the county property appraiser is not required to remove dedicated roads or streets from the real property assessment roll, and he cannot do so unless such dedication or dedications have been accepted by the county. The county must own the fee title to such dedicated roadbeds or streets in order for the realty to escape taxation, either as exempt or immune property. The board of county commissioners does not have the authority to direct the clerk to make a notation on a deed, or a copy thereof, before or after recordation that the property therein described has not been accepted by the county and therefore does not constitute a public road or street. Any such notations so made are without legal efficacy. AS TO QUESTION 1: Section 28.222, F.S., provides that the clerk of the circuit court shall record certain enumerated documents upon payment of the service charge. The word "shall" in a statute has, according to its normal usage, a mandatory connotation. Neal v. Bryant,149 So.2d 529 (Fla. 1962). The clerk is an officer of the court whose duties are ministerial, and, as such, he does not exercise any discretion. Pan American World Airways v. Gregory, 96 So.2d 669 (3 D.C.A. Fla., 1966). Accord: Attorney General Opinion 044-86, Biennial Report of the Attorney General 1943-1944, p. 115, wherein my predecessor stated that the clerk must record a deed properly executed in accordance with statute, although he deemed the description insufficient. Thus, if it appears that the instrument is otherwise entitled to recordation under s. 28.222, F.S., it must be recorded by the clerk if properly executed and upon proper payment of the clerk's fee. Therefore, your first question is answered in the affirmative. AS TO QUESTION 2: It is well settled in Florida that a public road may be established by dedication. Daugherty v. Latham, 190 So. 742 (Fla. 1939), and cases cited therein. Such dedication may take the form of a deed; or analogous thereto, and sometimes a variant thereof, is the doctrine of dedication by plat. [See] 10 Fla. Jur. Dedication s. 11. Roads may also be presumed to have been dedicated. Section 337.31, F.S. An offer of dedication continues, and thus may be accepted, until it is revoked or withdrawn by the grantor. City of Miami v. Florida East Coast Railway Co., 84 So. 726 (Fla. 1920). Acceptance may be by formal or informal act of the county or by actual use by the public. Robinson v. Riviera, 25 So.2d 277 (Fla. 1946). Acceptance must be clearly and unequivocally proved. Roe v. Kendrick,200 So. 394 (Fla. 1941). There is no established standard by which the use necessary to determine an acceptance by the public may be measured and declared to be sufficient; sufficiency of the use depends upon the particular circumstances of each case. [See] 10 Fla. Jur. Dedication s. 18. And such mixed questions of law and fact must be determined by the courts in appropriate adversary proceedings initiated for that purpose. Attorney General Opinion 074-222. The fundamental criterion for the expenditure of county funds is that the expenditure will serve a county, as contrasted to a private, purpose. To justify the expenditure of county funds upon a road that has been dedicated to public use, the dedication must have been accepted and the road must have become available for use, or is being used, by the public. Padgett v. Bay County, 187 So.2d 410
(1 D.C.A. Fla., 1966); cf. AGO's 057-292 and 073-222. Section193.085, F.S., provides that the property appraiser shall insure that all real property within his county is listed and valued on the real property assessment roll. However, it further provides that "[s]treets, roads, and highways which have been dedicated to . . . a municipality, county, or state agency need not, but may be listed." Section 192.011, F.S., requires the property appraiser to assess all property located within his county, but provides that roads and highways which have been dedicated to the county may be assessed, but need not be. Thus, the property appraiser is not required to remove dedicated roads or streets from the real property assessment roll, and he cannot do so unless the dedication has been accepted by the county. The county must own the fee title to the roadbed in order for the property to escape taxation, either as exempt or immune property. Attorney General Opinion 073-257. AS TO QUESTIONS 3 AND 4: The clerk's duties and authority in regard to the recordation of instruments are specified in s. 28.222, F.S. As noted previously, the clerk's duties are ministerial, Pan American World Airways v. Gregory, supra, and he may exercise only such authority as is granted by, and in the manner prescribed by, statute. Security Finance Co. v. Gentry, 109 So. 220 (Fla. 1926). Thus, as the duties of the clerk with respect to the recordation of instruments are specifically provided for by statute, the board of county commissioners is without the authority to direct the clerk to make notations on a deed, or a copy thereof, either after or before recordation, that the property therein described has not been accepted by the county and therefore does not constitute a public road or street. Any such notations made are meaningless and without legal efficacy. However, of course, pursuant to s.336.09(1), F.S., the board of county commissioners has the power with respect to property under its control to vacate, abandon, discontinue, and close any existing road, and to renounce and disclaim any right of the county and the public in or to any land in accordance with the procedures therein prescribed. Therefore, your third and fourth questions are answered in the negative.