# RCM ROOFING COMPANY, INC. v MARYLAND CASUALTY COMPANY

## Case No. 87-312-AP (County Court Case No. 86-12046 CC05)

Eleventh Judicial Circuit, Appellate Division, Dade County

April 5, 1988

### APPEARANCES OF COUNSEL

**Paul J. Kneski** for appellant.

**Frank Valladares** for appellee.

Before DONNER, HENDERSON, KORNBLUM, JJ.

## OPINION OF THE COURT

KORNBLUM, J.

This case makes its second appearance in this Court.

Previously this Court directed the Trial Court to conduct an evidentiary hearing to determine whether service of process on the Defendant (Appellant herein) was valid before entering a judgment upon default.

The Trial Court has conducted such an evidentiary hearing, has determined service to be valid and has entered judgment from which this appeal is taken.

Appellant now argues that the evidence was insufficient to support the Trial Court's finding and that it is entitled to its day in court and a trial on the merits. We should note here that Appellant does not seek reversal of the default and final judgment upon the grounds that there was excusable neglect but only for lack of valid service of process.

At the hearing in the Trial Court the process server testified that he served one, Carmen Morales, as Appellant's Agent. Morales testified that she could not have been served since she was not present at the place and time indicated on the return.

We find that the Trial Court resolved the disputed factual question and was correct in finding that the Appellant did not sustain its burden in showing the return to be false. *McIntosh v. Wibbeler,* 106 So.2d 195 (Fla. 1958).

Appellant argues that the Court abused its discretion in not setting aside the default. Since the only question here, however, is one of jurisdiction, we fail to see how the Trial Court had any discretion. *Winky's, Inc. v. Francis,* 229 So.2d 903 (Fla. 3 DCA 1969).

Finally, the Appellant contends it was denied due process because it was unable to take the process server's deposition before the hearing and the Court denied its motion for continuance.

The record reflects that the process server was vigorously cross-examined and in fact admitted that he had no recollection of serving Morales, nor could he identify her in Court. We therefore cannot see how Appellant was prejudiced.

The Judgment therefore is affirmed.

Henderson, J., did not participate in oral argument.