## DARRAH & POMEROY vs. STEAMBOAT LIGHTFOOT.

1. A demur does not admit the items of an account set forth in a petition, so as to do away with the necessity of proof. If judgment be given on demurrer to such a petition, and the defendant refuses to answer, an inquiry of damages becomes necessary; and this inquiry may be had before the court, if the petitioner waives a jury, or it may be before a jury.

Darrah & Pomeroy vs. Steamboat Lightfoot.

## APPEAL from St. Louis Circuit Court.

### STATEMENT OF THE CASE.

The complaint in this case was filed on the 25th February, 1850, returnable to the April term of the circuit court, and was executed on the day it was filed. It set forth that the account accrued on account of the captain; that the boat was engaged in navigating the waters of this State, and that the subjoined account accrued within six months next preceding the commencement of the suit. The account was as follows:

| | | | | | |
|---|---|---|---|---|---|
| Use of barge Cato, 17 days, ending August 23d 1849 | | | | | $102 00 |
| ·· 3 tarpaulins from August 7 to August 22d, 15 days | | | | | 22 50 |
| ·· 6 | do | do | November 22d to November 23d | | 6 00 |
| ·· 2 | do | do | do | 7th to November 22d | 15 00 |

$145 50

On this account there was credit, on 6th February, 1850, of...... ........ ...... 29 26

Leaving due and sued for ·············· ...... ...... .... ...... ...... ...... ....$116 24

A general and special demurrer was filed at the April term, which was overruled on the 13th of June 1850, and time was given the defendant to answer, on or before the 1st day of the November term, 1850. No answer was then, or at any time thereafter, filed; and on the 11th of January, 1851, judgment by default was rendered for the sum claimed, with interest, i. e., for $122 03. Thirteen days after, on the 24th January 1851, a motion was filed to set aside the judgment, which, on the 12th of March 1851, was overruled, and an appeal taken.

No affidavit of a just defence or of merits was ever filed. The demurrer was never withdrawn, nor leave asked or obtained for that purpose. These are the facts in the case.

## HUDSON, for appellant,

Insists, that the court below committed error, and relies on the following points and authorities for a reversal of the judgment of the circuit court:

I. The court below committed error in rendering final judgment at the same term at which the judgment by default was taken, without first making an order directing the assessment at the same term. The act of 1845, Rev. Code, page 424, art 3, sec. 42, expressly provides, that in case of judgment by default, the enquiry of damages shall be made at the next term, unless the court direct it to be made at the same term. The court below erred in assessing the damages without the interposition of a jury, for under the act above referred to, it is expressly provided, that the *damages shall be assessed* by a jury empannelled for that purpose: See also, case of Pratte & Cab. vs. Corl, 9 Mo. Rep., 163.

II. The act last named, as also the act concerning "boats and vessels," passed in 1845, were both in force at the time of rendering said judgment, and the rules of pleading and proceedings under the steamboat law, were in existence and in no way changed by the act of 1849, entitled "an act to reform the pleadings and practice in courts of justice in Missouri. The act of 1849, art 30, sec. 4, it is insisted, expressly provides that the act concerning boats and vessels, and all special statutes which provide specific remedies, shall be continued in force until repealed by the legislature. If the act concerning boats and vessels was not repealed by the act of 1849, then the rules of practice and proceedings under said act were still in force, and consequently, the demand being unliquidated, the court had no authority to assess the damages; a jury should have been empannelled for that purpose.

Darrah & Pomeroy vs. Steamboat Lightfoot.

III. Under the act of 1849, above noticed, there is no provision authorizing any proceeding against a boat, by name. No service could be made on the boat under any provision of said act, which would warrant the court in rendering a judgment without proof, as no complaint a boat could, under the law, be taken as admitted or confessed, so as to dispense with proof as to the extent of the damages.

## Kasson, for respondents.

I. T e def-ndant stood on his demurrer. This was rightly overruled, as the allegations of the petition were sufficient in law, They complied with the statute respecting "boats and vessels:" R. S. § 1, 4. The circuit court is also supported in its opinion by the opinion of this court: Gleim vs. S. B. Belmont, 11 Mo. R., 113; S. B. Mary Blane vs. Bukler, 12 Mo. R, 477, which refers to and applies to boats and vessels, the principle established in Stine vs. Austin, 9 Mo. 558.

II. The right to a trial by jury was waived under the provisions of the new code of practice: Art. 15, § 1. The defendant stood upon his demurrer, which not being withdrawn (code, art. § 5) admitted all the facts set forth in the petition and property pleaded: Stephens on Pl., page 175, 255; Ch. on Pl. 1 p. 662; Marshall vs. Platte county, 12 Mo. 93-4.

III. The court, therefore, rightly gave judgment upon the pleadings as they stood. There is no pretence of merits, and yet this court is asked to give the defendant all the privileges he would have had if he had exercised all due *diligence*—if he had complied with all the rules, and as if he had filed an affidavit of merits.

On the contrary, he neglected all the rules; nearly two months of negligence appear by the record before judgment, and without any suggestion of merits, he seeks to avail himself of a statutory forfeiture, contrary to all the equities of the case. No stronger case could well be presented for applying the maxim, that "the law assists the diligent, not the delirquent:" Weriner vs. Morris, 7 Mo. 6, Green vs. Goodloe, 6 Mo. R. 6; and also for applying the rule of the new code, which the court below, in the discretion given to it, applied in this case, as follows:

"The court may, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not effect the substantial rights of the adverse party; and no judgment shall be reversed or effected by reason of such error or defect:" Art. 2, §6.

And in connexion with this, the following additional law: "The supreme court shall not revise any judgment of the circuit court, unless it shall believe that error was committed by the circuit court against the appellant, and materially affecting the merits of the action:" Ib. Art. 19 § 17.

We submit, that the appellant hath shown no merits at all, either by affidavit of facts, of diligence, of surprise, or in any manner whatever. And it would operate great injustice to permit the defendant now to set up a technical defence, and a forfeiture or statute of limitations, which the law allows only as a privilege to the most diligent: 2 Wend. 244.

Such pleas are not favored, especially after judgment, and without an affidavit of merits: Elliott vs. Leake, 4 Mo. 543, statute of limitations; Kerby vs. Chodwell, 10 Mo. R. 393; 6 Hill's N. Y. R., 225, Lovitt vs. Cowman, which is a strong case, citing many cases to the same point, see 227.

IV. But if this court should be of the contrary opinion, then we submit, the judgment should be so modified as to give the defendant leave to offer proof on the assessment of damages, upon the merits only, without leave to plead the statute of limitations, and, that that permission should be upon terms. See, for their power to do this, new code art. 19 § 5.

Darrah & Pomeroy vs. Steamboat Lightfoot.

RYLAND, J., delivered the opinion of the court.

The only point necessary for us to notice, is the act of the court below in giving the final judgment.

After deciding the demurrer in favor of the petitioners, and giving time to the defendant to answer, which the defendant neglected to do, the court gave judgment for the petitioners by *nil dicit*, and assessed the damages to the amount of the balance of the account due, as appears by the same in the petition, and interest thereon, making in all the sum of $122 03, without any proof of the items of the account claimed in the petition.

This we think was error. The court after the failure of the defendant to answer, very properly gave the judgment by default or *nihil dicit*; and if it had required the petitioners to make proof of their demand, and on proof had rendered final judgment for the amount so proved, this court would not have interfered.

We see no force in the appellant's objection about the neglect of an order to have the damages enquired into and assessed at the same term; and without such order, the enquiry must not be made until at the next term. All this is rendered necessary by the provisions of the act of 1848 and 9, commonly called the new code, the provisions of which, we apply to the proceedings in this case.

We do not consider that the demurrer admits the items of an account set forth in the petition, so as to do away with the necessity of proof. If the judgment be given on demurrer to such a petition, and defendant should refuse to answer, an enquiry of damages becomes necessary, and this enquiry may be had before the court, if the petitioners waive a jury, or it may be before a jury: See code of practice, Art. XII, § 2.

We reverse the judgment of the court below, so far as respects the enquiry of damages only, and we require the court to take proof of the petitioner's accounts before a jury, unless the petitioners waive a jury, in which event, the court is, itself, to take the evidence and assess the petitioner's damages upon the judgment by default, which remains undisturbed.

This case is, therefore, remanded to the court below for further proceedings in accordance with this opinion, the other judges concurring.