CITY OF GUTHRIE v. T. W. HARVEY LUMBER CO.

1. DAMAGES—*Judgment for Without Proof, Error.*  Upon a petition claiming damages, it is error to pronounce judgment without hearing proof or assessing damages.

2. PLEADINGS—*General Denial—Demurrer.*  It is error to sustain a general demurrer to an answer which includes a general denial of the averments of the petition.  The demurrer should be overruled as to that averment.

*Error from the District Court of Logan County.*

STATEMENT OF FACTS.

This was an action brought by the defendant in error, plaintiff in the court below, against the city of Guthrie, for the alleged conversion of a certain building valued at the sum of $600. The petition alleged, that (1) the organization on April 30, 1889, of the provisional government of East Guthrie, which discharged the functions of a city government until July 1, 1890, when the territory in East Guthrie was, with other territory, organized into the village of Guthrie and continued as the village of Guthrie until the —— day of ———, 1891, when the village of Guthrie was organized into the city of Guthrie, as now constituted, and (2) that in May, 1889, the plaintiff in the court below contracted with the provisional city government of East Guthrie to furnish all the materials and to erect a building 24 by 48 feet, upon lots 23 and 24, block 46, in the city of East Guthrie, for which the city of East Guthrie was to pay the sum of $594.90, and (3) that the city of East Guthrie issued to the plaintiff in payment for said building three warrants, each in the following terms: "No. 100. City Warrant. East Guthrie, O. T., June 10, 1889. To the City Treasurer of East Guthrie: Sixty days after date, pay to the order of T. W. Harvey Lumber company, two hundred and seventeen dollars, without interest, on account city hall building, out of the funds not otherwise especially appropriated. H. H. Moore, City Recorder. $217. Approved, T. H. Soward, Mayor. Registered August 20, 1889, not paid for want of funds. J. Scott, City Treasurer;" and (4) that the plaintiff complied with the contract, furnished the materials and erected the building, which was accepted by the provisional government of East Guthrie and possession taken;

and (5) that the city of Guthrie has succeeded to the possession of said building, and the city of Guthrie is now using and occupying the same as a city hall; that the defendant, plaintiff in error here, refused to pay the warrants or for the building; and that (7) demand for payment or for the return and possession of the building had been made; and (8) that the defendant below had refused either pay for possession or to allow the plaintiff to take possession of and remove the building, and proceeded to and did convert the building to the use of the city of Guthrie, and (9) that the value of the building at the time of the conversion was reasonably worth the sum of $600, and judgment was prayed for that sum.

The city of Guthrie demurred to the petition, that it did not state facts sufficient to constitute a cause of action.    The demurrer was overruled, exception reserved, and the defendant answered, (1) denying generally, and (2) admitting the original organization of the provisional government as alleged in the petition, and (3) the contract to erect the building as alleged, and (4) that the defendant in error received from the provisional government of East Guthrie the three city warrants in payment for the erection of the building, as set out in the petition, and (5) that the defendant admitted that it refused to pay the warrants on the following grounds: (a) because the provisional government had no power to incur the indebtedness, and (b) that the plaintiffs, when they furnished the materials and erected the building had full knowledge of the conditions existing in the country at the time, that is, that the provisional government could not incur any legal liability; and (c) that the provisional city government could not transmit any of its liabilities or indebtedness to the city of Guthrie; and

that (d) the action was barred by the statute of limitation; and (e) that the materials furnished and used by the plaintiff was not worth the sum of $600; and that (f) since it came into the possession of the building on or before the 20th day of August, 1890, it has made large and valuable improvements thereon, which improvements cannot be separated from the building without making the same entirely worthless.

To this answer the plaintiff filed a general demurrer, which was sustained by the court, to which ruling the defendant excepted, and assigned it as error.

Thereupon the defendant elected to stand upon its demurrer to plaintiff's petition, and also upon the assignment of error upon the ruling of the court in sustaining the plaintiff's demurrer to defendant's answer. Thereupon the issues were found in favor of the plaintiff, and the court rendered judgment upon the pleadings in the case in the sum of $612.

*Bayard T. Hainer*, for plaintiff in error.

*John F. Stone* and *W. W. Thomas*, for defendant in error.

The opinion of the court was delivered by

McATEE, J.: Error is assigned here that the petition of the plaintiff in the court below fails to state facts sufficient to constitute a cause of action and (2) in sustaining the plaintiff's demurrer to the answer of the defendant, and (3) in rendering judgment in favor of the plaintiff without the introduction of any testimony in support of the plaintiff's petition.

The general denial of the answer controverted every proposition in the petition, and as to that part of the

answer the plaintiff's demurrer should have been over-ruled. The case is one for damages for the conversion of property.

The Statutes of Oklahoma, 1893, § 4006, provides that:

"Allegations of value or amount of damages shall not be considered as true by failure to controvert them."

And in § 4292, that:

"If the assessment of damages be necessary to enable the court to pronounce judgment, upon a failure to answer, or under the decision of an issue of law, the court may, with the assent of the party not in default, take the account, hear the proof or assess the damages."

And the court therefore erred in entering judgment for the plaintiff without proof of damages and the aver-ment of value being controverted by the general denial. (*Darrough v. Lightfoot*, 15 Mo. 187).

The averments of the petition were by the demurrer of the defendant admitted, the pleading having been suffi-cient to cover a state of facts apparently sufficient to entitle the plaintiff to a recovery, and upon which the recovery was sought and since the judgment must be reversed, the case will be remanded for a new trial with the direction to take evidence in support of the allega-tions of the petition. (Hale on Damages, 227-228; *C. & I. R. R. Co. v. Baker*, 73 Ill. 316; *Crogan v. Schiele*, 1 Atl. 889; *Thompson v. Haislet*, 14 Ark. 220; 3d Sedg-wick on Damages, § 1275).

The judgment of the court below will be reversed.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.