## ST. LOUIS & S. F. R. CO. v. ZUMWALT.

No. 1271. Opinion Filed January 9, 1912.

(120 Pac. 640.)

1. **JUDGMENT—Default—Setting Aside — Leave to File Answer.** Unless a default is caused by the gross laches of a defendant, by his authorized attorney, he should be permitted to answer upon such terms, as to the payment of costs, as may be prescribed by the court at any time before judgment is rendered; and where it is apparent that the answer presents a meritorious defense the court must permit the answer to be filed.

2. **DAMAGES—Default—Rights of Defendant—Introduction of Evidence.** Although he may be in default of an answer, the defendant may cross-examine the witness introduced by the plaintiff, and may introduce independent evidence of his own in reduction of the amount claimed, even in tort.

3. **JUDGMENT—Default—Effect.** If the action is in tort, or upon an unliquidated claim or demand, a default admits plaintiff's right to recover, but not the amount to which he is entitled.

(Syllabus by the Court.)

*Error from Caddo County Court;*
*B. F. Holding, Judge.*

Action by W. A. Zumwalt against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

KANE, J. It appears from the statement of the case-made by counsel for plaintiff in error (there is no brief on file for the defendant in error) that this was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover damages to a shipment of cattle, caused by the delay of the carrier in failing to deliver said cattle at their destination within a reasonable time. On the day the petition was filed, to wit, March 20, 1909, summons was issued, returnable ten days thereafter, and the defendant

St. Louis & S. F. R. Co. v. Zumwalt.

was required to answer said petition on or before April 19, 1909. On May 17th defendant filed a motion to quash service of summons, which was sustained on the 17th day of May, and the case continued for service. On the same day alias summons was issued, returnable May 21st, and defendant was required to answer by June 16th. On July 17th plaintiff, in the absence of defendant's counsel, and without notice to the defendant, was allowed to amend the sheriff's return by adding the name of the sheriff, and. by permitting the deputy sheriff, who made the service, to subscribe his name thereto. On July 19th the court permitted the defendant to file a motion requiring plaintiff to make his petition more definite and certain, subject to the plaintiff's right to file a motion to strike said pleading from the files. On the 20th of July plaintiff filed a motion to strike defendant's motion to make more definite and certain from the files, which motion was sustained on the 29th day of July. On the 30th of July, defendant filed a motion asking leave of court to file an answer instanter, and on July 31st the defendant introduced evidence in support of said motion, which motion was overruled. Thereafter, on August 3d, the case being called for trial, the plaintiff offered no evidence in support of his claim against the defendant, and the defendant asked leave of court to introduce evidence in mitigation of the damages claimed by plaintiff. The court declined to permit the introduction of such evidence, to which ruling of the court the defendant duly excepted. Thereafter, on the same day, without further proceedings, the court rendered judgment in favor of the plaintiff for the amount prayed for in his petition, to reverse which this proceeding in error was commenced.

The contentions of counsel for plaintiff in error may be epitomized, as follows: (1) Error of the court in the exercise of its discretion, in refusing to permit the plaintiff in error leave to file an answer in said cause, whereby it was prevented from having a fair and impartial trial. (2) Error of the court in refusing to permit defendant to introduce testimony in mitigation

of the damages alleged in the petition of the plaintiff. (3) Error of the court in rendering judgment against the defendant and in favor of the plaintiff on the pleadings, without the introduction of any testimony to prove the allegations of the petition; the claim being for unliquidated damages.

We think the two last contentions are well taken, and, as they will necessitate a reversal, the defendant ought to be permitted to file its answer and try the case upon its merits. "His day in court" is one of the most sacred rights of a litigant under our form of jurisprudence, and it has been well said that:

"Unless a default is caused by the gross laches of a defendant, by his authorized attorney, he should be permitted to answer upon such terms, as to the payment of costs, as may be prescribed by the court at any time before judgment is rendered; and where it is apparent that the answer presents a meritorious defense the court must permit the answer to be filed." (*Haggerty v. Walker,* 21 Neb. 596, 33 N. W. 244.)

Other cases to the same effect are *Chambless v. Livingston,* 123 Ga. 257; 51 S. E. 314; *Lichtenberger et al. v. Worm,* 41 Neb. 856; 60 N. W. 93; *Willey v. Durgin,* 118 Mass. 64; *Crippen v. Bryan,* 4 Gray (Mass.) 314.

On the second contention, the general rule is stated in 23 Cyc. 763, as follows:

"On an inquest for damages, defendant has the right to cross-examine plaintiff's witnesses, although he cannot object to the introduction of testimony or demur to the evidence. He may also offer any evidence which goes in mitigation or reduction of damages; but he cannot introduce evidence controverting plaintiff's entire cause of action, or tending to avoid it, or to show that no right of action existed."

In 6 Encyc. of Pleading and Practice, 137, the rule is stated as follows:

"The defendant may cross-examine the witness introduced by the plaintiff, and may introduce independent evidence of his own in reduction of the amount claimed, even in tort?"

On the third proposition, the rule in Oklahoma is that:

"Upon a petition claiming damages, it is error to pronounce judgment without hearing proof or assessing damages." (*City of Guthrie v. T. W. Harvey Lumber Co.,* 5 Okla. 774, 50 Pac. 84.)

The general rule is stated in 23 Cyc. 753, as follows:

"If the action is in tort, or upon an unliquidated claim or demand, a default admits plaintiff's right to recover, but not the amount to which he is entitled; and therefore further proceedings will be necessary to determine the amount of the judgment. But if the cause of action is such that plaintiff is entitled to recover a fixed sum, or nothing at all, or if the amount of his damages is ascertainable by mere calculation, the default admits his right to recover the sum demanded in the declaration or complaint, and judgment may be entered therefor."

The judgment of the court below is reversed and the cause remanded, with directions to proceed in accordance with this opinion.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.