Margaret **PIERRE**, also known as Margaret Alexander, Plaintiff,

v.

**EASTERN AIR LINES**, Inc., Defendant.

Margaret **PIERRE**, also known as Margaret Alexander, Plaintiff,

v.

Cecil C. **FOXWORTH**, Defendant.

Civ. A. 1190–55, 843–54

United States District Court
D. New Jersey.
June 27, 1957.

Greenbaum & Greenbaum, Newark, N. J., John F. Smith, New York City, of counsel, for plaintiff.

Shanley & Fisher, Frederick B. Lacey, Newark, N. J., for defendants.

Chester A. Weidenburner, Newark, N. J., Earl E. Pollock, Washington, D. C., Stanley D. Metzger and Richard B. Bilder, Washington, D. C., for the United States.

MEANEY, District Judge.

Plaintiff has moved to strike out the affirmative defenses of both defendants, each setting forth as such affirmative defense Article 22(1) of the so-called Warsaw Convention, 49 Stat. 3019. Article 22 establishes a limitation of the amount of recovery to be had in actions for damages sustained in an international flight to the sum of approximately $8,300. First to be considered is the case against the carrier.

Reduced to its simplest terms the question raised by the motion is whether such limitation is violative of the constitutional provision of the VIIth Amendment to the Constitution of the United States, which preserves the right of trial by jury.

In considering this question, it is necessary to keep in mind Article VI of the Constitution which provides as follows: "This constitution, and the laws of the United States which shall be made in pursuance thereof, and all treaties made, or which shall be made under the authority of the United States, shall be the supreme law of the land." Article II, section 2, of the Constitution sets forth the method of making treaties, such power being placed in the President by and with the advice and consent of the Senate, provided two thirds of the senators present concur.

■■ The Warsaw Convention regulates and applies to all international transportation of persons, baggage, or goods performed by aircraft for hire. Its purpose is to unify rules for international air traffic and to facilitate such traffic. The United States is not a signatory to the Convention but has declared its adherence to the provisions thereof by a Declaration of Adherence, advised by the Senate, and deposited at Warsaw on July 31, 1934. With congressional implementation it entered into force for the United States on October 29, 1934. The Convention therefore, for all intents and purposes, has the general effect of a treaty. It may be well to state at this juncture that the Warsaw Convention provides that each passenger on an international flight (or in case of death, the personal representative of the passenger) shall receive provable dam-

ages against the carrier to the extent of an international gold standard of approximately $8,300, in case of ordinary negligence. The carrier must pay this without any showing of negligence or fault unless it (the carrier) can prove that it and its servants were free from all fault. In the event that the passenger can prove an exceptional or gross degree of negligence on the part of the carrier or its servants, the passenger may recover all provable damages without limitation.

■ It is well settled that no article or term of a treaty may nullify any guarantee of a right preserved by constitutional provision to our citizens. No treaty may authorize what the Constitution forbids. Geofroy v. Riggs, 133 U.S. 258, 10 S.Ct. 295, 33 L.Ed. 642. See, also, State of Missouri v. Holland, 252 U.S. 416, 40 S.Ct. 382, 64 L.Ed. 641; United States v. Curtiss-Wright Export Corp., 299 U.S. 304, 57 S.Ct. 216, 81 L. Ed. 255; United States v. State of Minnesota, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539; United States v. Guy W. Capps, Inc., 348 U.S. 296, 75 S.Ct. 326, 99 L.Ed. 329.

The court is faced with two constitutional provisions and asked to determine whether there is conflict between the express pronouncement of one and an agreement entered into under authority of the other. If the limitation of damages under the Warsaw Convention is in contravention of the preservation of the right to trial by jury, as set forth in Amendment VII to the Constitution of the United States, it must yield to the specific declaration of the Bill of Rights.

■ Just what is included in the general term "trial by jury"? It includes the essential elements of a jury trial as they were recognized in this country and in England when the Constitution was adopted. The basic elements were that the jury should consist of twelve men, neither more nor less; that the jury should be the trier of facts; that the trial should be in the presence of and under supervision of a judge empowered to instruct jurors as to the law; and that the verdict be unanimous. So long as these elements are preserved, there is no violation of the constitutional right to trial by jury. The heart of the matter is to decide what constitutes the province of the jury as trier of the facts, and in the instant case whether the assessment of damages is an essential and inseparable function of the jury's right to try facts. Substantive causes of action, as they existed in the English common law, are not preserved by this constitutional guarantee, nor are the nature and extent of legal duties or remedies in causes of action so preserved. In civil actions within the centemplation of the Constitution, the fact of *liability* for damages was unquestionably within the sole province of the jury, and so long as the right of action existed, the question of fact of liability remained a jury question. There remains the inquiry as to whether the assessment of damages is inextricably involved in the determination of the fact of liability.

In many instances, such as the limitation of liability in admiralty cases, the Longshoremen and Harbor Workers Compensation Act, 33 U.S.C.A. § 901 et seq., and in construction of various State Workmen's Compensation Acts, it has been held that there was violation of neither the due process clause, Article V, nor the right to trial by jury, Article VII, of the Amendments to the Constitution. In all such modifications of legal practice, it would seem, analogically at least, that the assessment of damages is not to be considered an exclusive function of the jury. At common law the assessment of damages in a default, in tort and in contract, was not considered a function of the jury and stood upon a different footing from the trial of issues of fact. The measuring of damages by a jury, therefore, would seem to be a matter of practice rather than of right. If this be so, and the general trend of opinion seems so to indicate, then there is no violation of the constitutional guarantee of the right to trial by jury in the limitation of the

amount of damages. The jury in this instant case may award damages in the provable amount up to, but not in excess of, the limitation imposed by the Warsaw Convention. A reasonable quid pro quo is provided in the alteration of the necessity for proof of negligence as it existed before the acceptance of the Warsaw Convention. The difficulty of such proof in a great many cases is easily apparent. In New Jersey it has been met by legislative enactment (N.J.S.A. 6:2–7) asserting absolute liability of owner of aircraft for injuries to persons or property, whether such owner was negligent or not, unless the injury was caused in whole or in part by the injured person. In some thirteen states recovery for wrongful death is limited to sums set forth statutorily. These are limitations on the pre-existent practice of allowing the jury to determine the amount of damages to be allowed, and even more significantly, changing the hitherto established requirement of determination of negligence on the part of the defendant by the jury before recovery may be had. The change in legal position results from the transformation that progress has wrought in so many fields. It is not only time that marches on, but also life and its complexities with the legal consequences thereof.

This court opines that there is no conflict between the provision of limitation of liability in the Warsaw Convention and the VIIth Amendment to the Constitution.

The Government of the United States, in its intervening capacity, raised the further question as to whether the adherence of the United States to the Warsaw Convention did not create a new substantive right, inferentially abolishing other causes of action in the same circumstances, which right was unknown to the common law, and which would justify the provision for limitation of damages. This question the court deems it unnecessary to pass upon as it feels that its finding in the premises is dispositive of the motion.

As for the case against the defendant Foxworth the situation is different. The Warsaw Convention at the time of the accident (1953) applied to the carrier only. Various efforts had been made to amend the terms of the Convention to include the servants and agents of the carrier in the provision of limitation of liability, but to no avail. Not until 1955 was the limitation so extended in Article 25 A of the Convention. Therefore the general practice and rules prevalent in the trial of negligence cases unaffected by the terms of the Warsaw Convention, will control the trial of the plaintiff against the defendant Foxworth.

The motion to dismiss in the case of Plaintiff vs. Defendant Eastern Air Lines, Inc. is denied.

The motion to dismiss in the case of Plaintiff vs. Defendant Cecil C. Foxworth is granted.

Let an appropriate order be entered.