**Blanche MOOR, Appellant,**

v.

**BABBITT PRODUCTS, INC., a corporation, BTB Corporation, a corporation, B. T. Babbitt, Inc., a corporation, and Bob Haslett, d/b/a Bob Haslett Rexall Drug Store, Appellees,**

**and**

**American Can Company, Third-Party Defendant, Appellee.**

**No. 49800.**

Supreme Court of Oklahoma.

Feb. 28, 1978.

Garrison, Brown & Carlson by Alan R. Carlson, Bartlesville, for appellant.

Rogers, Rogers & Jones, Green, Feldman & Hall, Richard D. Gibbon & Assoc., Whitten, McDaniel, Osmond, Goree & Davies, Tulsa, for appellees.

DOOLIN, Justice.

In a tort action, does the failure of a plaintiff to produce an allegedly defective product for discovery purposes under 12 O.S.1971 §§ 548, 549, require dismissal of the action, if the product is lost and plaintiff is in no way responsible for its loss? We hold that it does not.

Plaintiff purchased a can of Acme Chlorinated Lime, a cleaning compound, from defendant Haslett Drug Store. About a month after her purchase she attempted to open the can when it allegedly exploded in her face causing injury to her face and eyes. Plaintiff commenced the present suit against the drug store, its owner and the manufacturer Babbitt. Babbitt impleaded American Can Company. Plaintiff alleged negligence, implied warranty and strict liability in tort. The court overruled defendants' pleas to jurisdiction and motions to quash. After answers were filed, defendants moved plaintiff to produce the can she claimed exploded. In the alternative they moved plaintiff's cause be dismissed if the can could not be produced for their inspection.

Plaintiff was unable to comply with the production order because the company to whom she had delivered the can for testing had inadvertently lost, misplaced or destroyed it.

The court issued an order finding neither plaintiff nor defendants were responsible for the loss. It ordered plaintiff to produce the can within twenty days or face dismissal. When plaintiff was unable to supply the can the court dismissed her action without prejudice.[1]

Plaintiff appeals, asserting trial court abused its discretion in dismissing her cause of action for failure to produce, when loss of the can was in no way due to bad faith or responsibility on her part. She claims she has sufficient evidence to prove her cause of action without the can[2] citing *Kirkland v. General Motors,* 521 P.2d 1353 (Okl.1974) for the proposition a defect in a product may be proved by circumstantial evidence. Plaintiff submits she should be permitted to prove her case without production of the can.

1. Although case was dismissed *without* prejudice, the effect is the same as if it were dismissed *with* prejudice. Under the court's order, without the defective can a new filing would be futile.

2. Evidence called to our attention by plaintiff includes: deposition testimony of departmental manager of testing company indicating the compound reacted with ferrous substance of can in a dangerous manner, recall letters showing defendants had notice of potential hazard through a company change to all plastic containers.

Oklahoma has never decided the question before us. Our discovery statutes 12 O.S. 1971 §§ 548, 549 are similar to Rule 37 of Federal Rules of Civil Procedure 28 U.S. C.A.[3] The United States Supreme Court interpreted the discretion of the trial court to dismiss pursuant to this rule in *Societe Internationale, Etc. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed. 1255 (1958). In *Societe* the Court commented that a party should not be penalized for a failure to do that which he may not have the power to do. The Court found plaintiff's failure to satisfy the requirements of a production order was due to inability fostered neither by his own conduct nor by circumstances within his control. It held Federal Rule 37 should not be construed to authorize dismissal of a complaint because of plaintiff's noncompliance with the pretrial production order "when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith or any fault of petitioner".[4] While there have been amendments to the federal discovery rules since *Societe* was decided, there are no suggestions from the courts that the changes in any way affect the law of that decision.[5]

We hereby adopt this test as applied to our discovery statutes. The trial court specifically found failure to comply was not due to any fault of plaintiff. The test was met. Trial court should not have dismissed the action on this sole issue.[6]

This is not to say plaintiff will profit through her inability to produce the allegedly defective product. Its absence may affect the persuasiveness of her case. Her proof will be more difficult and may be properly tested by a demurrer to the evidence. Defendants may be protected from an unfair advantage by an order of the trial court requiring her to produce the can if at any time it should be located.

There was no willful refusal or bad faith on the part of plaintiff's inability to produce the can she alleged was the cause of her injuries. Trial court abused its discretion in dismissing her cause of action on basis of her failure to produce.

REVERSED AND REMANDED with instructions to reinstate the cause of action.

All the Justices concur.

3. *Carmen v. Fishel*, 418 P.2d 963 (Okl.1966).

4. *Societe Internationale, Etc. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958).

5. See *National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976).

6. Defendants call our attention to *Shramek v. General Motors*, 69 Ind.App.2d 72, 216 N.E.2d 244 (1966), in which a tire alleged to be defective was not available. However, the case was disposed of on a motion for summary judgment based on the record which showed passenger could not prove directly or inferentially that the accident was caused by a defective tire. A motion to produce was not involved.