1999 OK 93

**Rick PAYNE and Jennifer Payne, husband and wife, Plaintiffs/Appellees,**

v.

**Larry DEWITT, Defendant/Appellant.**

**No. 89796.**

Supreme Court of Oklahoma.

Nov. 23, 1999.

Ray H. Wilburn, A. Mark Smiling, Wilburn, Masterson & Smiling, Tulsa, Oklahoma, for appellant.

H. Gregory Maddux, Maddux & Maddux, Tulsa, Oklahoma, for appellees.[1]

OPALA, J.

¶ 1 The dispositive question tendered on certiorari is whether there was error in the trial court's imposition of 12 O.S.Supp.1996 § 3237(B)(2)[2] sanctions against the defendant for noncompliance with both notice-imparting and court-ordered discovery process by failing to appear twice at scheduled depositions? We hold: (1) there is no error in the nisi prius declaration of liability by default judgment and in the order directing a bench trial

---

1. Identified herein are only those counsel for the parties *whose names appear on the certiorari briefs*.

2. For the pertinent terms of 12 O.S.Supp.1996 § 3237(B)(2), see *infra* note 5.

on the damages issues; (2) the trial court's refusal to allow defendant's participation at the hearing (on damages) is excessive and must be set aside; and (3) the award of counsel fee and costs is supported by the record.

## I

### THE ANATOMY OF LITIGATION

¶ 2 Rick Payne [Payne] sustained injuries on 11 November 1995 when his vehicle was rear-ended by a car owned by Larry Dewitt [owner or Dewitt]. The latter vehicle left the scene of the accident *before* the driver's identity could be ascertained. The car's owner was identified by a check of the car's license tag.

¶ 3 Payne and his wife brought a tort claim against Dewitt, alleging that he was the vehicle's driver and that his willful, wanton and reckless actions caused the accident. Payne claimed personal injury, loss of consortium for his wife, property damage to his vehicle of $8,281.20 and punitive damages. Dewitt answered, (a) denying any negligence and damages, (b) urging failure to state a claim upon which relief can be granted, (c) alleging the causation is unrelated to Dewitt's actions, (d) asserting the negligence of third parties over whom Dewitt had no control and (e) claiming that he was not a proper party.

¶ 4 Because Dewitt failed to appear for a "noticed deposition" on 31 January 1997, Payne moved for sanctions and default judgment.[3] According to his motion, numerous attempts were made to take Dewitt's deposition, and only Dewitt's counsel appeared at the one set for January 31. In his response, Dewitt argued that the quest for default judgment and damages without evidence is contrary to law and that the sanctions are premature. The trial court's 9 April 1997 order notified the parties that Payne's motion for sanctions would be heard on 15 May 1997.

¶ 5 The trial court ruled at the May 15 hearing that Payne's motion for sanctions

"should be sustained" and that he "should be entitled to fees and costs to be determined upon application". Dewitt's counsel was warned that further sanctions would be imposed if Dewitt did not appear for a court-ordered deposition on May 19. When Dewitt failed to appear at that deposition, Payne renewed his quest for default judgment and prayed for costs and counsel fee. At the May 22 hearing on the renewed motion, the trial court *declared* Dewitt liable upon default for want of appearance for depositional discovery and *ruled* that (1) there would be a bench hearing on damages on June 25, (2) at that hearing Dewitt *could not cross-examine Payne's witnesses, object to introduction of testimony or exhibits offered, or otherwise participate in the evidentiary process,* and (3) Payne was entitled to costs and counsel fee upon application.[4]

¶ 6 At the beginning of the June 25 hearing, Dewitt's counsel requested a jury trial on the issue of damages as well as an opportunity to cross-examine witnesses and to submit evidence. The trial court denied the request and struck Dewitt's answer as sanctions for his willful obstruction of discovery by failing to attend two earlier-scheduled depositions. After trying the damages issues *sans* jury and without participation by Dewitt's counsel, the trial court awarded Payne *actual damages* of $35,906.56 ($1,849.50 for medical expenses, $335.68 for lost wages, $9,021.38 for property damage, $25,000 for pain and suffering, $2,500 for the wife's loss of consortium) and *punitive damages* of $38,706.56. Dewitt's counsel *was allowed to participate* in a severed hearing on Payne's quest for counsel fee and costs. The trial court awarded Payne a $4,450.50 counsel fee and $242.50 in costs.

¶ 7 The Court of Civil Appeals [COCA] affirmed, pronouncing that (a) Dewitt's non-compliance with the two earlier discovery requests *warranted* the extreme sanction of default judgment on liability and *bars* his participation at the bench hearing on dam-

---

3. Payne's motion requested the court to (a) *strike* Dewitt's answer, (b) *deny* his request to raise any defense against the action or to introduce evidence in the proceeding, (c) *enter* default judgment and (d) *award* damages, costs and attorney's fee.

4. The counsel-fee sanction included Payne's legal expenses incident to presenting his motions for sanctions as well as the costs and legal fee related to his efforts to take Dewitt's deposition.

ages and (b) the award of damages, counsel fee and costs stands supported by the record.

## II

## THE TRIAL COURT'S DECLARATION OF LIABILITY UPON DEFAULT AND ITS ORDER DIRECTING BENCH TRIAL ON DAMAGES ISSUES FOR VIOLATION OF THE DISCOVERY PROCESS ARE *JUSTIFIED* ON THIS RECORD

¶8 The trial court's declaration of liability upon default and order directing

nonjury trial on the damages rests on statute-authorized sanctions. Section § 3237(B)(2) of the Oklahoma Discovery Code[5]—which is patterned on the Federal Rules of Civil Procedure [FRCP][6]—authorizes a broad spectrum of sanctions for abuse of the discovery process.[7] COCA measured the imposition of these sanctions by the five-factor test employed by the U.S. Court of Appeals for the Tenth Circuit[8] and recently applied by another division of COCA in *Ho-*

---

**5.** The pertinent provisions of 12 O.S.Supp.1996 § 3237(B)(2) are:

> 2. SANCTION BY COURT IN WHICH ACTION IS PENDING. If a party ... fails to obey an order to provide or permit discovery ... or if a party fails to obey an order entered under subsection F of Section 3226 of this title, the court in which the action is pending may make such orders in regard to the failure *as are just.* Such orders may include the following:
>
> a. An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order,
>
> b. An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or *prohibiting him from introducing designated matters in evidence,*
>
> c. An *order striking out pleadings* or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing* the action or proceedings or any part thereof, *or rendering a judgment by default against the disobedient party,*
>
> * * *
>
> In lieu of or in addition to the orders provided for in this paragraph, the court shall require the party failing to obey the order or the attorney advising him or both to pay the *reasonable expenses, including attorney's fees,* caused by the failure, *unless the court finds that the failure was substantially justified* or that *other circumstances* make an award of expenses unjust. ·* * *

(emphasis added).

**6.** Section 3237(B)(2) of the Oklahoma Discovery Code parallels precisely the terms of FRCP 37 in describing the range of sanctions a court is permitted to employ. Because § 3237(B)(2) is virtually identical to FRCP 37, federal jurisprudence is instructive.

**7.** The sanctions provided in the federal rule and its Oklahoma equivalent are designed as a tool to compel production of evidence, compensate adversaries for unnecessary expense and deter mis-

conduct. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958).

**8.** *See, e.g., Jones v. Thompson,* 996 F.2d 261, 264 (10th Cir.1993); *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920–21 (10th Cir.1992).

Two seminal U.S. Supreme Court cases provide insight into how FRCP 37 was originally fashioned—*Hovey v. Elliott,* 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897) and *Hammond Packing Co. v. Arkansas,* 212 U.S. 322, 349–54, 29 S.Ct. 370, 379–81, 53 L.Ed. 530 (1909). In *Hovey* the Court held that refusing a party the right to defend an action on the merits, absent a hearing, denied the defendant due process. In *Hammond,* the Court substantially modified *Hovey.* There, the Court affirmed a judgment that struck a party's answer and entered default judgment for its failure to produce books, papers and witnesses in a state antitrust suit. In distinguishing *Hovey,* the Court noted that due process had been denied in that case by the court's refusal to hear the party. In a post-FRCP 37 case, *Societe Internationale, supra* note 7, 357 U.S. at 212, 78 S.Ct. at 1096, the Court held that *due process* prevents the harshest of sanctions where the party to be sanctioned is *unable to comply* with a court's discovery order. In *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) and *National Hockey League, supra* note 7, the Court granted district courts considerable discretion to impose the extreme sanction of dismissal or default where there has been flagrant, bad faith disregard of discovery duties. In *Link,* the Court upheld a dismissal for an attorney's failure to appear at a pretrial conference where the record reveals a course of protracted neglect. *Id.,* 370 U.S. at 633, 82 S.Ct. at 1390. In *National Hockey League* the Court upheld the district court's default judgment under FRCP 37 for the respondent's failure to respond timely or adequately to interrogatories. *Supra* note 7, 427 U.S. at 643, 96 S.Ct. at 2781.

*tels, Inc. v. Kampar Corp.*[9] These factors are: (1) the quantum of prejudice noncompliance has caused the adversary (or moving) party, (2) the extent of interference with the judicial process, (3) culpability of the litigant, (4) whether the court warned the party in advance that noncompliance could lead to dismissal or default judgment, and (5) the efficacy of lesser sanctions.[10]

¶ 9 Like its federal counterpart, § 3237 allows the trial court to sanction a disobedient party by dismissal of its claim or by a default judgment.[11] These draconian penalties should be applied only when a party's failure to comply with a discovery order is occasioned by fault, willfulness, or bad faith.[12] The correctness of nisi prius imposition of sanctions under § 3237 is to be gauged by an abuse-of-discretion standard.[13] Whether default (or dismissal) is a proper sanction is a question that calls for a fact-specific inquiry.[14] In making that decision, the trial court's discretion, while broad, is not unbridled. The sanction must be both fair [15] and related to the particular claim (or defense) at issue in the discovery order.[16]

¶ 10 We hold that on this record the nisi prius *declaration of liability*—for both actual and punitive damages[17]—as well as the order *directing a nonjury trial of*

---

9. 1998 OK CIV APP 93, 964 P.2d 933, 935.

10. *Jones, supra* note 8 at 264; *Ehrenhaus, supra* note 8 at 920–21.

11. See 12 O.S.Supp.1996 § 3237(B)(c), *supra* note 5. The Second, Third, Fourth, Fifth, Sixth, Ninth and Tenth Circuits have implemented firm standards by which to judge the propriety of imposing *litigation-ending sanctions. See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849 (2nd Cir.1995); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 n. 18 (3d Cir.1995); *Mutual Fed. Sav. and Loan Ass'n v. Richards & Associates, Inc.* 872 F.2d 88, 92 (4th Cir.1989); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir.1994); *Beil v. Lakewood Engineering & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir.1994); *Henry v. Gill Indus., Inc.* 983 F.2d 943, 948 (9th Cir.1993); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir.1993). *But cf.* the First, Seventh, Eighth and Eleventh Circuits, which do not have an articulated set of standards that district courts must consider before imposing litigation-ending sanctions. *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 16 (1st Cir. 1983); *Stafford v. Mesnik*, 63 F.3d 1445 (7th Cir.1995); *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555 (8th Cir.1992); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536 (11th Cir.1993), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993) (a three-factor test is applied; but in other cases the factors are not mentioned; *see, e.g., BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045 (11th Cir.1994); *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154 (11th Cir.1993)). These tests are designed to reconcile the important competing policies of preserving judicial discretion and efficiency with that of litigating a case on its merits. For an in-depth analysis of the federal circuit courts' approach to imposition of Federal Rule 37 sanctions, see Jodi Golinsky, *The Second Circuits's Imposition of Litigation–Ending Sanctions For Failures To Comply With Discovery Orders: Should Rule 37(B)(2) Defaults and Dismissals Be Determined By a Roll Of The Dice?*, 62 Brooklyn L.Rev. 585 (1996).

12. See *Societe Internationale, supra* note 7, 357 U.S. at 212, 78 S.Ct. at 1096; *Kwik Way Stores, Inc. v. Caldwell*, 745 P.2d 672, 677 (Colo.1987) (when imposing default judgment, a court should first make a finding of willful disobedience, bad faith consisting of flagrant disregard of discovery obligations, or culpable fault consisting of gross negligence); *Binyon v. Nesseth*, 7 Kan.App.2d 110, 638 P.2d 946, 951 (1981), *affirmed* 231 Kan. 381, 646 P.2d 1043 (1982) (default judgment as a sanction for refusal to cooperate in discovery is the most severe sanction which a court may impose and its use must be tempered by careful exercise of judicial discretion to ensure that its imposition is merited).

13. *Moor v. Babbitt Products, Inc.*, 1978 OK 22, 575 P.2d 969, 971; *see also Kampar, supra* note 9 at 935; *National Hockey League, supra* note 7, 427 U.S. at 642, 96 S.Ct. at 2780.

14. *Moor, supra* note 13 at 972.

15. See 12 O.S.Supp.1996 § 3237(B), *supra* note 5; *Professional Seminar Consultants, Inc. v. Sino American Technology Exch. Council, Inc.* 727 F.2d 1470, 1474 (9th Cir.1984); *In re Rubin*, 769 F.2d 611, 615 (9th Cir.1985).

16. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2107, 72 L.Ed.2d 492 (1982); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir.1992); *Professional Seminar, supra* note 15 at 1474.

17. The trial court's liability declaration correctly included not only liability for the harm but also for punitive damages governed by the provisions of 23 O.S.Supp.1995 § 9.1, which are:

A. In an action for the breach of an obligation not arising from contract, the jury, *in addition to actual damages, may*, subject to the provisions and limitations in subsections B, C and D of this section, *give damages for the sake of*

*damages*[18] meets the criteria established by extant jurisprudence. Dewitt refused to appear at "noticed" and court-ordered depositions spanning a five-month period of time. He was warned through his counsel that default would follow if he failed to appear at the court-ordered deposition. His testimonial evidence was essential to the nisi prius determination of liability for the harm incurred by Payne. Dewitt's counsel was present at the hearing on sanctions and offered no explanation or justification for his client's absence. On this record, the trial court was clearly justified in inferring that Dewitt sought to protect himself from revealing the circumstances of the ownership of the vehicle, his presence at the wheel when the accident happened as well as his motives for the hit-and-run behavior.

¶ 11 According to the course of the common law and upon application of orderly process, the nisi prius declaration of liability to be established by a quantum determined at a nonjury hearing on damages is a permissible and fit sanction for Dewitt's act of escaping testimonial compulsion.

## III

## THE SANCTION OF BARRING CROSS-EXAMINATION AND OTHER TRUTH-TESTING DEVICES AT THE POST-DEFAULT NONJURY HEARING ON DAMAGES IS CONTRARY TO THE ORDERLY PROCESS OF ASSESSING DAMAGES

▐▐▐ ¶ 12 In the assessment of damages following entry of default judgment, a defaulting party *has a statutory right* to a hearing on the extent of unliquidated damages.[19] 12 O.S.1991 § 688.[20] Encompassed

*example and by way of punishing the defendant based upon the following factors:* the seriousness of the hazard to the public arising from the defendant's misconduct; the profitability of the misconduct to the defendant; the duration of the misconduct and any concealment of it; the degree of the defendant's awareness of the hazard and of its excessiveness; the attitude and conduct of the defendant upon discovery of the misconduct or hazard; in the case of a defendant which is a corporation or other entity, the number and level of employees involved in causing or concealing the misconduct; and the financial condition of the defendant.
B. Category I. Where the jury finds by clear and convincing evidence that the defendant has been guilty of *reckless disregard for the rights of others*, or an insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured, the jury, in a separate proceeding conducted after the jury has made such finding and awarded actual damages, may award exemplary damages in an amount not to exceed the greater of:
(emphasis supplied).
Punitive damages are allowable when there is evidence of reckless and wanton disregard of another's rights from which malice and evil intent may be inferred. *Graham v. Keuchel*, 1993 OK 6, 847 P.2d 342, 363 (citing *Mitchell v. Ford Motor Credit Co.*, 1984 OK 18, 688 P.2d 42, 45). Oppressive intent may also be inferred from "complete indifference to consequences," "conscious or reckless disregard of the safety of others," or "gross negligence." *Graham, supra* at 363 (quoting from *Mitchell, supra* at 45–46 n. 8); *Sunray DX Oil Co. v. Brown*, 1970 OK 183, 477 P.2d 67, 70.

**18.** *See Pierre v. Eastern Air Lines*, 152 F.Supp. 486, 488 (D.N.J.1957) ("At common law the as-

sessment of damages in a default ... was not considered a function of the jury and stood upon a different footing from the trial of issues of fact. The measuring of damages by a jury, therefore, would seem to be a matter of practice rather than of right."). *See also Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir.1974), *cert. denied*, 419 U.S. 832, 95 S.Ct. 55, 42 L.Ed.2d 57 (1974)(after a default judgment has been entered under FRCP 37(b)(2), a party has no right to jury trial under either FRCP 55(b)(2), which authorizes a district court to hold an evidentiary hearing to determine the amount of damages, or to the Seventh-Amendment protection); *see also* Paul Mogin, *Why Judges, Not Juries, Should Set Punitive Damages*, 65 U. of Ch.L.Rev. 179 (1998).

**19.** *State ex rel. Oklahoma Bar Ass'n v. Todd*, 1992 OK 81, 833 P.2d 260, 266 (a default admits the right to recovery, but not the amount of damages); *Reed v. Scott*, 1991 OK 113, 820 P.2d 445, 448; *Atchison, T. & S.F. Ry. Co. v. Lambert*, 1912 OK 6, 121 P. 654, 656; *City of Guthrie v. T.W. Harvey Lumber Co.*, 5 Okl. 774, 50 P. 84 (1897). *See also Graves v. Walters*, 1975 OK CIV APP 20, 534 P.2d 702, 704.

**20.** The terms of 12 O.S.1991 § 688 are:

If the taking of an account, or the proof of a fact, or the *assessment of damages*, be necessary to enable the court to pronounce judgment upon a failure to answer, *or after a decision of an issue of law* the court may, with the assent of the party not in default, take the account, hear the proof, *or assess the damages;* or may, with the like assent, refer the same to a referee or master commissioner, or may direct the same to be ascertained or assessed by

within this right is the opportunity to a fair post-default inquest at which *both the plaintiff and the defendant* can participate in the proceedings by cross-examining witnesses and introducing evidence on their own behalf.[21] A default declaration, imposed as a § 3237(B)(2) sanction, cannot extend beyond saddling the defendant with liability for the harm occasioned and for imposition of punitive damages. The trial court must leave to a meaningful inquiry the *quantum of actual and punitive damages* without stripping the party in default of basic forensic devices to test the truth of the plaintiff's evidence.

■■■■ ¶ 13 The trial court's bar of Dewitt's participation in the post-default damages inquest *robs* him of statutorily-granted rights and *strips* him of the law's protection against an unwarranted amount of damages in violation of due process. Obstacles that unreasonably impede full disclosure of the truth are an anathema to due process.[22]

¶ 14 The crippling of Dewitt by stripping him of basic due process truth-testing devices is contrary to the orderly process of assessing damages. We hence set aside the concomitant order that encroaches on Dewitt's ability to use basic truth-testing de-

vices at the § 688 proceeding by depriving him of the opportunity to cross-examine witnesses, object to testimony or exhibits, or otherwise to participate at the hearing. The nisi prius court should have left for trial the *quantum of actual* and *of punitive damages* without stripping the defendant of basic forensic devices to test the truth of Payne's evidence.

¶ 15 *If at any post-remand stage of the § 688 proceeding want of Dewitt's testimony should be found as a barrier to a meaningful inquest into damages, the trial judge may anew address that plaintiff-encountered deficiency and fashion an appropriate sanction to prevent a clear forensic disadvantage to the plaintiff.*

## IV

## THE NISI PRIUS COUNSEL–FEE AWARD AND COST ALLOWANCE IS SUPPORTED BY THE RECORD

¶ 16 Payne was awarded a counsel fee of $4,450.50 (based on 38.7 hours at the rate $115 per hour) and costs of $242.50. The hours included the time spent on the motions

---

a jury. If a jury be ordered, it shall be on or after the day on which the action is set for trial.
(emphasis supplied).

21. A litigant's discovery-related misconduct does not, as a general rule, justify a windfall to the opposite party. *See in this connection, St. Louis & S.F.R. Co. v. Zumwalt*, 1912 OK 71, 159, 120 P. 640, 641. For other jurisdictions which hold that a defaulting party has the right to participate in the proceedings and introduce affirmative evidence on its own behalf in mitigation of damages, see *J & P Constr. Co. v. Valta Constr. Co.*, 452 So.2d 857 (Ala.1984); *Dungan v. Superior Court In and For Pinal County*, 20 Ariz.App. 289, 512 P.2d 52 (1973); *Kohlenberger, Inc. v. Tyson's Foods, Inc.*, 256 Ark. 584, 510 S.W.2d 555 (1974); *Harbour Tower Dev. Corp. v. Seaboard Equip. Co.*, 179 So.2d 405 (Fla.App.1965); *Pittman v. Colbert*, 120 Ga. 341, 47 S.E. 948 (1904); *Stewart v. Hicks*, 182 Ind.App. 308, 395 N.E.2d 308 (1979); *Greer v. Ludwick*, 100 Ill.App.2d 27, 241 N.E.2d 4 (1968); *Howard v. Fountain*, 749 S.W.2d 690 (Ky.App.1988); *Bissanti Design/Build Group v. McClay*, 32 Mass.App.Ct. 469, 590 N.E.2d 1169 (1992); *Lindsey v. Drs. Keenan, Andrews & Allred*, 118 Mont. 312, 165 P.2d 804 (1946); *Gallegos v. Franklin*, 89 N.M. 118, 547 P.2d 1160 (N.M.App.1976); *Napolitano v. Branks*, 128 A.D.2d 686, 513 N.Y.S.2d 185

(1987); *Bashforth v. Zampini*, 576 A.2d 1197 (R.I.1990); *Adkisson v. Huffman*, 225 Tenn. 362, 469 S.W.2d 368 (1971); *Northeast Wholesale Lumber, Inc. v. Leader Lumber, Inc.*, 785 S.W.2d 402 (Tex.App.1989); *Synergetics By and Through Lancer Indus., Inc. v. Marathon Ranching Co., Ltd.*, 701 P.2d 1106 (Utah 1985); *Midwest Developers v. Goma Corp.*, 121 Wis.2d 632, 360 N.W.2d 554 (Wis.App.1984). *See generally, Annot., Defaulting Defendant's Right To Notice and Hearing As To Determination Of Amount of Damages*, 15 A.L.R.3d 586 (1967).

22. In *Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S.Ct. 1038, 1046, 35 L.Ed.2d 297 (1973), the Court noted:

The right of cross-examination is more than a desirable rule of trial procedure. It is implicit in the constitutional right of confrontation, and helps assure the 'accuracy of the truth-determining process.' *Dutton v. Evans*, 400 U.S. 74, 89, 91 S.Ct. 210, 220, 27 L.Ed.2d 213 (1970); *Bruton v. United States*, 391 U.S. 123, 135–137, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). It is, indeed, 'an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal.' *Pointer v. Texas*, 380 U.S. 400, 405, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965).

for sanctions, default judgment, and counsel fees. Dewitt's counsel was allowed to participate in the hearing on Payne's quest for an attorney's fee.

¶ 17 Dewitt urges the counsel-fee award is excessive. His position rests upon the following notions. (1) The principal basis of the award is 12 O.S.1991 § 940 (negligent injury to property), but there was no showing of the time spent on the property-damage issue. (2) The first 30 items of Payne's fee request occurred before the commencement of litigation. (3) Payne's counsel usually charges individuals an hourly rate between $95 and $115, but there was testimony that a reasonable rate for the community is $100 and Payne is not only a client, but also a friend. (4) There was testimony that 20–25 hours would be sufficient for pursuing the claim, even with the discovery issues presented by the case. (5) The excessive time is attributed to the motions for sanctions, which were only one-and-a-half pages long and contained no citation of authority other than a statute.

¶ 18 Section 3237 provides that "reasonable expenses" (including counsel fees) be awarded for failure to obey a discovery order unless the court finds that the failure to appear for the deposition was "substantially justified."[23] The burden of establishing *substantial justification* is on the party being sanctioned.[24] Permissible recovery for counsel-fee allowance must be set upon and supported by evidence presented in an adversary proceeding[25] in which the facts and computation upon which the trial court rests its determination are set forth in the record with a high degree of specificity.[26] A counsel-fee award will not be disturbed ab-

sent a demonstration of abused discretion.[27] According to the teachings of *State ex rel. Burk v. City of Oklahoma City,* lawyers are obligated to provide the trial court with the data necessary to document the work performed together with the method used to arrive at a counsel-fee allowance.[28]

¶ 19 Attached to Payne's nisi prius motion for attorney's fee is a detailed list of the hours spent in the prosecution of the litigation, beginning with the initial conference to discuss the automobile accident and property damage claim. Payne sought a counsel-fee of $5,962.50 (based on 47.7 hours at an hourly rate of $125) and costs of $242.50. On our review of the record, we hold that the trial court's reduced counsel-fee allowance to Payne and allowance for costs rests on supportive evidence. Gauged by the applicable standards of review, the amount awarded is not excessive.

## V

### PAYNE'S APPEAL– AND CERTIORARI–RELATED COUNSEL FEE

¶ 20 Because Dewitt's misbehavior caused the satellite litigation that began with successive motions for sanctions, we direct that he bear all of the legal expenses reasonably incurred by Payne in defending against the appeal and in prosecuting the quest for certiorari.[29] Upon remand the trial court shall, in an adversary proceeding upon due notice to the parties, set the amount of counsel-fee award to be allowed Payne for legal

23. *See* 12 O.S.Supp.1996 § 3237(B), *supra* note 5.

24. The Advisory Committee Note to 1970 Amendments to FRCP 37 explains that Rule 37(b)(2) places the burden on the disobedient party to avoid expenses. *See Hyde & Drath v. Baker,* 24 F.3d 1162, 1171 (9th Cir.1994).

25. *State ex rel Burk v. City of Oklahoma City,* 1979 OK 115, ¶ 20, 598 P.2d 659, 663; *Oliver's Sports Center, Inc. v. Nat'l Standard Ins. Co.,* 1980 OK 120, ¶ 8, 615 P.2d 291, 295.

26. *See Burk, supra* note 25 at ¶ 22, at 663.

27. *Burk,* supra note 25, at ¶ 22, at 663; *Wise v. Johnson Controls, Inc.,* 1989 OK CIV APP 63, ¶ 8, 784 P.2d 86, 87.

28. Lawyers must present to the trial court detailed time records showing the work performed together with evidence of the reasonable value of different types of legal work based on local standards. *Burk, supra* note 25 at ¶ 20, at 663; *Oliver's, supra* note 25 at ¶¶ 8–9, at 295.

29. *Professional Credit Collections, Inc. v. Smith,* 1997 OK 19, 933 P.2d 307, 311; *Baptist Medical Center of Oklahoma, Inc. v. Aguirre,* 1996 OK 133, 930 P.2d 213, 220.

expenses incurred both on appeal and on certiorari.[30]

# VI

## SUMMARY

¶ 21 The trial court's declaration of liability upon defendant's default and its order directing a nonjury trial of damages meets the law's criteria.

¶ 22 The plaintiff is entitled to an even-handed opportunity to elicit evidence relevant to actual and punitive damages and the defendant in default an equal opportunity to test his adversary's proof by cross-examination. The trial court's sanction by its order preventing cross-examination and other due process truth-testing devices at the post-default bench hearing on damages issues contravenes the law's orderly process.

¶ 23 The allowance of counsel fee and costs stands supported by the record. Payne's plea for appeal- and certiorari-related counsel-fee award is granted; the trial court is authorized to set the fee's amount in a post-remand adversary hearing upon due notice to the parties.

¶ 24 On certiorari previously granted upon the defendant's petition, the Court of Civil Appeals' opinion is vacated; the trial court's declaration of liability upon default and its order directing a bench trial upon damages issues are allowed to stand; the sanctions of barring cross-examination, objection to testimony or exhibits, or any other participation in the post-default bench hearing on damages are set aside; the actual and punitive damages awards are reversed; the nisi prius award of attorney's fee and allowance of costs are affirmed; appeal- and certiorari-related attorney's fee stands awarded to the plaintiff, its amount to be determined in an adversary post-remand hearing; and the cause is remanded for further proceedings to be consistent with today's pronouncement.

30. Payne's answer brief on appeal also seeks *appellate costs*. These costs, *if any incurred in the appellate or certiorari process*, may be taxed at a later stage of this cause upon a post-decisional

¶ 25 SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER and BOUDREAU, JJ., concur;

¶ 26 KAUGER and WATT, JJ., concur in part and dissent in part.

WATT, J., with whom KAUGER, J. joins, concurring in part, dissenting in part:

¶ 1 I concur in the pronouncement by the majority today with regard to Parts I, II, IV, V, and VI of the opinion. I dissent to Part III of the majority's opinion for the reasons set forth below.

¶ 2 The majority at paragraph 12 declares:

A default declaration, imposed as a § 3237(B)(2) sanction, cannot extend beyond saddling the defendant with liability for the harm occasioned and for imposition of punitive damages. The trial court must leave to a meaningful inquiry the *quantum of actual and punitive damages* without stripping the party in default of basic forensic devices to test the truth of the plaintiff's evidence.

I disagree.

¶ 3 As stated by the majority, § 3237 of the Discovery Code allows the trial court to sanction a disobedient party ... by a default judgment. The record in this case supports the action taken by the trial court because of the defendant's absolute refusal and failure to comply with any kind of discovery at all.

¶ 4 Defendant's counsel appropriately attempted to protect his client's interest in seeking leave to participate further in the proceeding and to examine and cross-examine plaintiffs' witnesses. The record in this case reflects that the trial court denied that request because it intended to utilize its "full array of powers granted under 12 O.S. § 3237(B)."

¶ 5 If these sanction statutes as enacted by the Legislature are to have any effect, they must be enforced when properly utilized.

and premandate motion pressed for that relief. Rule 1.14(a), Oklahoma Supreme Court Rules, 12 O.S.Supp.1996, Ch. 15, App.1.

¶ 6 Because the record in this case supports the sanctions entered by the trial court, I would affirm its decision in toto.